[No. 12699.   Department One. — November 16, 1889.]

ALICE DORLAND, Appellant, v. CHRISTIAN HANSON, Respondent.

EXECUTION — ORDER OF SALE — DECREE ENFORCING LIEN — LIMITATION OF FIVE YEARS — CONSTRUCTION OF CODE. — Section 681 of the Code of Civil Procedure, limiting execution to the period of five years after the entry of judgment, applies as well to a decree enforcing a lien by order of sale for an amount due as to personal judgments for the recovery of money. Section 685, allowing execution after five years by leave of the court upon motion, or by judgment for that purpose founded upon sufficient pleadings, applies only to judgments requiring some specific act.

ID. — SUSPENSION OF LIMITATION — POWERS OF ADMINISTRATOR. — The
suspension for a time of the powers of an administrator, whose power
and duty it is to have an order of sale issued, cannot have the effect of
suspending the limitation of five years after the entry of judgment for
the issuance of the order of sale.

ID. — VACATING VOID EXECUTION — DEPARTMENTS OF SUPERIOR COURT —
APPEALABLE ORDER. — An order may be properly made by one depart-
ment of a superior court vacating an execution wrongfully allowed by
another department of the same court after the lapse of five years. It
is the same court acting in each instance. Nor can the fact that the
order allowing the execution is an appealable order affect the authority
of the court to set aside the execution, as it is void if the court had no
authority to issue it, and might be attacked by motion to set it aside or
to set aside a sale made thereunder.

APPEAL from an order of the Superior Court of the
city and county of San Francisco vacating an execution.

The facts are stated in the opinion of the court.

*J. M. Wood,* and *J. C. Bates,* for Appellant.

*Sullivan & Sullivan,* for Respondent.

WORKS, J. — The only question in this case is, whether
or not an execution or order of sale can issue upon a
decree foreclosing a street assessment after five years.
The court below held it could not, and set aside and
vacated a former order authorizing such writ to issue,
and vacating a sale made thereunder. From this order
the appellant prosecutes this appeal.

Section 681 of the Code of Civil Procedure provides:
"The party in whose favor judgment is given may, at
any time *within five years after the entry thereof,* have a
writ of execution issued for its enforcement." And
section 685 provides: "In all cases *other than for the re-
covery of money* the judgment may be enforced or carried
into execution, *after* the lapse of five years from the date
of its entry, *by leave of the court, upon motion, or by judg-
ment for that purpose,* founded upon sufficient pleadings."

The contention of the appellant is, that the first of
these sections applies solely to *personal* judgments for

the recovery of money, and that a judgment for the fore-
closure of a street assessment lien, where there can be
no personal judgment, is not within that section, but
is covered by section 685, and that therefore her execu-
tion or order of sale was properly issued by leave of
court after five years.

We do not so construe these sections. Section 681
must be held to apply to a judgment, the object, purpose,
and effect of which is to enforce the payment of money,
whether the same be a personal judgment against the
party indebted, or a decree foreclosing a lien for an
amount due. Section 685 was evidently intended to
and does apply to judgments requiring the party against
whom it is rendered to do some specific act, as, for
example, to deliver specific real or personal property.
Taking this view of the two sections, we must hold that
the order of the court below vacating the order author-
izing the issuance of the writ after five years, and vacat-
ing the sale made under such writ, was right.

It was claimed in the opening brief of the appellant
that the full five years had not run, because, during a
part of the time, the powers of the administrator, whose
power and duty it was to cause the writ to be issued,
were suspended; but this contention is expressly aban-
doned in the closing brief, and it is admitted that the
suspension of the powers of the administrator could not
have the effect of suspending the running of the statute.

The order authorizing the issuance of the execution
was made by one department of the court below, and the
order vacating the same by another department of the
same court; and it is contended that this was erroneous.
We see no force in this position. It was the same court
acting in each instance, and the fact that the orders
were made in different departments is immaterial.

Again, it is said that the order authorizing the issu-
ance of the writ was an appealable order, and could not
be attacked in this way. Conceding the order to have

been appealable, the execution issued was void, if the court had no authority to order its issuance, and might be attacked by a motion to vacate and set it aside, and the same may be said of the sale made under it. There-fore, the only material question was, whether the execu-tion and sale should be set aside; and as to the power of the court below to set them aside, conceding the order authorizing the writ to issue to have been an appealable order, we have no doubt.

Counsel attempt to distinguish between an execution and an order of sale, and contend that section 681 is confined in terms to the former, and does not limit the time in which the latter may issue. We think, however, that the difference between the two writs is more in the name than anything else, so far as it affects the question before us, and that section 681 must be held to apply to both.

The order appealed from is affirmed.

Fox, J., and PATERSON, J., concurred.

Hearing in Bank denied.