[No. 13885. In Bank. — November 3, 1890.]

ZELMIRA RAMIREZ Y CORTEZ, PETITIONER, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

ENFORCEMENT OF JUDGMENT — STATUTE OF LIMITATIONS — FEE OF COMMISSIONER IN PARTITION — LIEN UPON LAND PARTITIONED. — A decree in a probate proceeding for partition allowing the commissioner appointed to make partition a specified sum as a fee for his services and expenses incurred, and purporting to make it a lien upon the land and premises partitioned, is, so far as the commissioner is interested, a judgment for the recovery of money, and cannot be enforced by execution after the lapse of five years from the entry thereof, assuming the power of the probate court to declare it a lien and to award execution in satisfaction thereof against the land partitioned, which is doubtful.

Id. — Construction of Code — Commissioner as "Party" to Judgment. — A commissioner in partition who is allowed a fee for his services is a "party in whose favor judgment was given," within the meaning of the word "party," as used in section 681 of the Code of Civil Procedure.

Id. — Suspension of Limitation — Stay of Proceedings. — An order staying proceedings upon a judgment and order of sale does not operate to suspend the running of the statute of limitations for the enforcement of the judgment.

Id. — Excess of Jurisdiction — Writ of Review. — An order granting an execution upon a judgment awarded in the superior court, as a court of probate, after the lapse of five years from the entry of judgment, is in excess of the jurisdiction of the court, and will be annulled by the supreme court upon a writ of review.

Application to the Supreme Court for a writ of review to annul an order of the Superior Court of the city and county of San Francisco granting an execution. The facts are stated in the opinion of the court.

*Garber, Boalt & Bishop,* and *J. P. Phelan,* for Petitioner.

The superior court, sitting in probate, has no power to declare a lien, or to award execution for the satisfaction thereof. The probate jurisdiction of the superior court is wholly distinct from its common-law and equity jurisdiction. (*Guardian of Allgier,* 65 Cal. 228; *Richards* v. *Wetmore,* 66 Cal. 365; *Estate of Hudson,* 63 Cal. 457; *Dean* v. *Superior Court,* 63 Cal. 478; *Estate of Burton,* 64 Cal. 428.) A probate proceeding is not a civil action. (*Estate of Scott,* 15 Cal. 220; *Ex parte Smith,* 53 Cal. 207.) Declaring and enforcing a lien is an exercise of purely equitable jurisdiction. The probate court had no equitable jurisdiction. (*Grimes* v. *Norris,* 6 Cal. 625; 65 Am. Dec. 545; *Haverstick* v. *Trudel,* 51 Cal. 433, 434; *Wetzler* v. *Fitch,* 52 Cal. 638; *Meyers* v. *Farquharson,* 46 Cal. 200; *Willis* v. *Farley,* 24 Cal. 499.) Nor has the superior court, sitting in probate. (*Estate of Hudson,* 63 Cal. 457; *Dean* v. *Superior Court,* 63 Cal. 478.) The statutory power to partition between distributees, conferred by section 1675 of the Code of Civil Pro-

cedure, is merely ancillary to the probate jurisdiction, and is part of the proceeding for distribution. (*Richardson* v. *Loupe*, 80 Cal. 490; *Robinson* v. *Fair*, 128 U. S. 77–85.) The superior court, sitting in probate, has no power to make distribution or partition subject to a lien, or to award execution for the expenses thereof. (*Estate of Sweigert*, Myrick's Prob. Rep. 152.) There is no power to issue execution in probate proceedings, unless specially conferred by the code provisions regulating those proceedings. The code does not provide for the issuing of an execution for the enforcement of an order of distribution. There is no such power inherent in probate courts. (*Ex parte Smith*, 53 Cal. 208; Freeman on Executions, sec. 10; *Stiles* v. *Burch*, 5 Paige, 135.) They may enforce their judgments by proceedings in contempt, but not by execution, unless the latter power is expressly conferred by statute. (See *Ex parte Smith*, 53 Cal. 208.) The court had no power to order the issuance of execution after the lapse of five years from the entry of the judgment. (Code Civ. Proc., secs. 681, 685; *Dorland* v. *Hanson*, 81 Cal. 202; 15 Am. St. Rep. 44; *White* v. *Clark*, 8 Cal. 513; *McMann* v. *Superior Court*, 74 Cal. 106.) The stay did not extend the time within which execution might be issued. (*Solomon* v. *Maguire*, 29 Cal. 237; *Rogers* v. *Druffel*, 46 Cal. 656.) The first execution or order of sale became and was *functus officio*, — nothing having been done thereunder, and the return having elapsed. (Freeman on Executions, sec. 106.) The court had not power to extend the return day of the execution. The code provides that it shall not be made returnable "more than sixty days after its receipt by the sheriff" (Code Civ. Proc., sec. 683); and section 1054 of the Code of Civil Procedure does not confer the power of extension.

*T. Z. Blakeman*, for Respondent.

The only question is, Did the superior court exceed its jurisdiction in making the order of May 15, 1890, grant-

ing execution ? (*People* v. *Dwinelle*, 29 Cal. 632; *C. P. R. R.* v. *Placer County*, 46 Cal. 667; *Muir* v. *Superior Court*, 58 Cal. 361.) Its power to allow the commissioner's fees and expenses and make them a lien is not here subject to review. If the writ purported to review the original decree, it would be barred by laches. (*Reynolds* v. *Superior Court*, 64 Cal. 372.) The power to appoint commissioners includes the power to provide for their payment, and to charge the land therewith. The probate court may award costs, and issue execution therefor. (Code Civ. Proc.,.sec. 1720.) Section 681 of the Code of Civil Procedure does not apply, as the commissioner is an officer of the court, and not a party to the judgment, plaintiff or defendant. (Code Civ. Proc., secs. 308, 1063.) Section 685 of the Code of Civil Procedure applies, as the proceeding for partition was not for the recovery of money. The order staying proceedings excused the sheriff from returning the writ, and the time of the stay must be excluded from computation. (2 Freeman on Executions, 2d ed., sec. 353; Herman on Executions, p. 619, sec. 402.)

PATERSON, J. — Review. On August 3, 1883, a decree of partition of certain real estate was entered in the superior court, probate department, of the city and county of San Francisco. Mr. Wackenreuder, who performed the duty of commissioner in making the partition, was, by the decree, allowed a fee of $480 for his services and expenses incurred. It was provided in the decree that the sums so allowed to Wackenreuder, and "amounting to $480, be and the same are hereby charged and made a lien upon the land and premises partitioned." In July, 1888, the executors of Wackenreuder procured from the court an order of sale to satisfy the claim, with interest thereon from the date of the decree. On August 20, 1889, the court made an order requiring the executors of Wackenreuder to show cause why the order of sale should not be set aside, and an order was entered

staying all proceedings. On May 15, 1890, the order under review herein granting an execution was made. It vacates the order to show cause, and the stay order, procured by the distributees of Ramirez's estate, August 20, 1889, finds the amount which had been paid on account of fees and expenses, the amount still unpaid, and directs execution therefor against the respective shares partitioned to the several parties, and made liable by the provisions of the decree. That portion of the decree which provides for the payment to Wackenreuder of $480 is, in effect, a judgment in his favor for that sum. It is a money judgment, and, if valid, one upon which he would have been entitled to an execution, if the probate court had the power to issue one at all, which is doubtful.

The judgment, being one " for the recovery of money," so far as Wackenreuder was interested in it, could not be enforced by execution after the lapse of five years from the entry thereof. (Code Civ. Proc., secs. 681, 685; *Dorland* v. *Hanson*, 81 Cal. 202; 15 Am. St. Rep. 44.) We think that Wackenreuder was "the party in whose favor judgment was given," within the meaning of the word "party" as used in section 681, *supra.* The order staying proceedings did not operate to suspend the running of the statute. (*Solomon* v. *Maguire*, 29 Cal. 237; *Dorland* v. *Hanson, supra.*) The order under review was in excess of the jurisdiction of the court. The court had no power to enforce the same after the lapse of five years. It had ceased to be operative (*White* v. *Clark*, 8 Cal. 513), assuming that the probate court had the power to declare a lien and to award an execution in satisfaction thereof, — a question we deem it unnecessary to determine, in view of what has been said on the other point raised.

The order is annulled.

Sharpstein. J., Fox, J., and McFarland, J., concurred.