[No. 12247.   In Bank. — November 12, 1890.]

DAVID JACKS, APPELLANT, v. S. E. JOHNSTON, RESPONDENT.

STATUTE OF LIMITATIONS — EXECUTION OF JUDGMENT IN FORECLOSURE SUIT — TIME OF ISSUANCE — WAIVER OF JUDGMENT FOR DEFICIENCY. — A judgment foreclosing a mortgage given to secure the payment of money is a judgment for the recovery of money, upon which an execution for the sale of the mortgaged premises cannot issue after five years from the date of its rendition, even though a judgment for deficiency was expressly waived by stipulation of the parties.

APPEAL from an order of the Superior Court of Monterey County denying a motion to direct the clerk of the court to issue a writ of execution for the sale of mortgaged premises.

The facts are stated in the opinion of the court.

*T. I. Bergin,* and *Geil & Morehouse,* for Appellant.

*R. M. F. Soto,* and *Hermann & Soto,* for Respondent.

McFARLAND, J. — In this case an action was brought upon a promissory note for thirteen hundred dollars, and interest, and a mortgage given to secure it. Judgment in the usual form was rendered for plaintiff on March 29, 1879, except that, by stipulation, the decree provided that no judgment should be docketed for any deficiency if the proceeds of the sale should fail to satisfy the amount found due. On April 11, 1887, more than eight years after the entry of the judgment, plaintiff moved the court in due form to direct the clerk to issue a writ of execution for the sale of the mortgaged premises. The court denied the motion, and from the order denying the motion, plaintiff appeals. The only question presented is, Can an execution issue on a judgment foreclosing a mortgage given to secure the payment of money after five years from the date of the rendition of the judgment? The general rule, under section 681 of the code, is admitted to be that an execution cannot issue after five years; but it is contended by appellant that, under section 685 of the Code of Civil Procedure, which provides that "in all cases other than for the recovery of money, the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of court, upon motion," the court should have ordered an execution in the case at bar. This contention, however, was substantially determined against appellant by this court in *Dorland* v. *Hanson,* 81 Cal. 202.

LXXXVI. CAL.—25

That was the case of a decree foreclosing a street assessment, and the court decided that " section 681 must be held to apply to a judgment the object, purpose, and effect of which is to enforce the payment of money, whether the same be a personal judgment against the party indebted, or a decree foreclosing a lien for the amount due." This rule applies even more strongly to the case of a note and mortgage, where the latter is given to secure an express personal promise to pay money. With respect to the sections of the code in question, the mortgage is a mere incident to the debt. The cause of action could have been removed at any time before suit, by the payment of the amount of money due; and the judgment could have been satisfied in the same manner. We are asked to overrule *Dorland* v. *Hanson*, 81 Cal. 202, which we decline to do. The court properly refused to order the execution.

Order appealed from affirmed.

BEATTY, C. J., FOX, J., PATERSON, J., WORKS, J., and SHARPSTEIN, J., concurred.

THORNTON, J., dissented.