Núm. 7302.—MIRANDA, etc., aplte. *v.* P. R. RY., LIGHT & POWER Co., aplda.—C. D. San Juan. ▓▓▓▓▓▓▓▓▓▓ ▓ Junio 26, 1936.

(Por la Corte, a propuesta del Juez Asociado Sr. Travieso.)

POR CUANTO, la parte apelada solicita la desestimación del presente recurso, alegando que la apelación es claramente frívola, por no presentar ninguna cuestión nueva que deba ser resuelta por esta Corte Suprema y porque la única cuestión que presenta ha sido ya resuelta en contra del apelante por la doctrina sentada por este tribunal en numerosas decisiones;

POR CUANTO, aparece de los autos que la demanda original, en reclamación de la suma de $50,000 en pago de daños y perjuicios, fué radicada el 25 de enero de 1919; que celebrado el juicio la corte dictó sentencia a favor de la demandante por la suma de $12,000, más las costas y honorarios de abogado; que apelada dicha sentencia para ante esta Corte Suprema, fué revocada por sentencia de abril 17 de 1923, por la que se devolvió el caso a la corte inferior para permitir a la demandante enmendar su demanda y continuar la tramitación del pleito (*Miranda* v. *P. R. Ry., Lt. & Power Co.,* 31 D.P.R. 778); que en mayo 19 de 1923 la demandante enmendó su demanda, continuando la tramitación del pleito hasta febrero 20 de 1928, en cuya fecha se dictó sentencia a favor de la demandante por la suma de $10,000 y costas; que dicha sentencia fué confirmada por esta Corte Suprema en julio 24 de 1931 (42 D.P.R. 719) y por la Corte de Circuito en 29 de diciembre de 1932 (62 Fed. 2d 479); y que la solicitud de *certiorari* radicada ante la Corte Suprema Federal fué denegada en 289 U. S. 731;

POR CUANTO, aparece también que en cumplimiento de la referida sentencia de febrero 20 de 1928, la corporación demandada consignó en la Secretaría de la Corte de Distrito de San Juan, en mayo 15 de 1933, a disposición de la demandante, la suma de $13,141.67, para cubrir los $10,000 de la indemnización, más $3,141.67 por intereses al 6 por ciento desde febrero 20, 1928, fecha de la sentencia, hasta la fecha del depósito; y que en mayo 15, 1933, a moción de la demandante, se entregó a ésta la suma depositada en Secretaría, reservándose la demandante el derecho que alegaba tener para reclamar la suma de $5,441.33 por intereses al 6 por ciento anual desde la fecha de la demanda original (enero 25, 1919) hasta febrero 20 de 1928;

Por cuanto, aparece que en 15 de mayo de 1933 la demandante solicitó una orden de ejecución de sentencia en cuanto a la suma reclamada por intereses desde la fecha de la demanda original hasta la sentencia de febrero 20, 1928, y que la demandada se opuso alegando: (*a*) que la sentencia de 20 de febrero, 1928, no concede los intereses que se reclaman, ni fueron tampoco solicitados en la súplica de la demanda; (*b*) que la consignación hecha en mayo 15, 1933, fué aceptada como buena por la demandante al solicitar la entrega de la cantidad consignada, quedando impedida de reclamar suma adicional por concepto de intereses; y (*c*) que siendo la responsabilidad de la demandada por culpa y negligencia, esa responsabilidad no quedó fijada y liquidada hasta que se dictó sentencia en 20 de febrero de 1928, no pudiendo, por tanto, la demandada incurrir en mora sino desde la fecha de dicha sentencia y hasta la fecha de la consignación;

Por cuanto, la única cuestión que por el presente recurso se somete a nuestra consideración es la de si un demandante en una acción de daños y perjuicios causados por la culpa o negligencia del demandado, que reclama la suma de $50,000 y a quien la corte concede solamente $10,000 de indemnización, tiene derecho al pago de intereses desde la fecha de la radicación de su demanda o solamente desde la fecha en que la cuantía de los daños a recobrar fué fijada y liquidada por la sentencia a su favor;

Por tanto, de acuerdo con las disposiciones del artículo 341 del Código de Enjuiciamiento Civil, Edición de 1933, y la jurisprudencia de esta corte establecida en los casos de *Hernández* v. *Foote*, 22 D. P. R. 759, y *Ruiz* v. *Umpierre*, 49 D.P.R. 270, en la que se sostiene que cuando la cantidad que se reclama no puede ser considerada como líquida hasta que se fija la cuantía de la indemnización por una sentencia, no pueden recobrarse intereses sino desde la fecha de la sentencia, nos vemos obligados a desestimar, por frívolo, el recurso interpuesto contra la resolución de la corte inferior negándose a conceder la orden de ejecución por intereses desde la fecha de radicación de la demanda.

El Juez Asociado Sr. Córdova Dávila no intervino.