YOUNGDALE v. BURTON, Judge of City Court of Salt Lake City, et al.

No. 6443.   Decided September 14, 1942.   (128 P. 2d 1053.)

See 33 C. J. S. Executions, sec. 66; 21 Am. Jur., 32.

*H. A. Smith*, of Salt Lake City, for plaintiff.

*B. R. Parkinson* and *Judd, Ray, Quinney & Nebeker*, all of Salt Lake City, for defendants.

LARSON, Justice.

Certiorari to review an order of the City Court of Salt Lake City refusing to vacate and quash an execution. The only question presented involves the interpretation and construction of Section 104-37-6, R. S. U. 1933. On June 16, 1931 in the City Court of Salt Lake City, McAlister obtained a judgment for money only against plaintiff. The judgment was not paid and became barred by limitations June 16, 1939. On September 11, 1941, McAlister filed an affidavit in the City Court showing the judgment was unpaid, and prayed that an execution issue on the judgment. Two days later defendant, a judge of the City Court, ordered execution to issue. Thereafter the judgment debtor, plaintiff here, moved the City Court, defendant here, to vacate and quash the writ. Defendant denied the motion and the judgment debtor obtained certiorari for construction of the statute which reads:

104-37-1. "The party in whose favor judgment is given may, at any time within eight years after the date of entry thereof, have a writ of execution issue for its enforcement, either in the county in which such judgment was rendered, or in any county in which a transcript

thereof has been filed and docketed in the office of the clerk of the district court."

104-37-6. "In all cases the judgment may be enforced or carried into execution after the lapse of eight years from the date of its entry by leave of the court, upon motion, or by judgment for that purpose founded upon supplemental pleadings; *but nothing in this section shall be construed to revive a judgment for the recovery of money which has been barred by a statute of limitations.*" (Italics added.)

The question is: Does that part of the section which we have italicized bar any proceedings on a money judgment after limitations have run or does it permit execution to issue, but bars any suits on the judgment or its validity as a lien? Section 104-2-21, R. S. U. 1933, fixes a limitation of eight years against an action on a judgment. Section 104-37-1, quoted supra, provides that an execution for enforcement of a judgment may issue at any time within eight years after its entry. It is conceded that were it not for Section 104-37-6, all judgments would lapse and become permanently dead and ineffective for all purposes except as a possible cause of action for suit on the judgment eight years after entry thereof. Plaintiff construes the section as permitting in the discretion of the court the enforcement, more than eight years after entry, of all judgments except money judgments, which may not be enforced after eight years. Defendant argues that although a money judgment may not be restored to all its vitality including its effect as a lien and suit on the judgment, it may still be enforced by execution. We agree with the construction made by plaintiff. A money judgment forms the basis for but two legal proceedings: (a) A suit thereon, brought within eight years, wherein it forms the basis or chose in action for a new judgment, or (b) Some form of proceedings in execution for collection. Subdivision (a) is disposed of by Section 104-2-21, the eight-year statute of limitations.

The statute in dispute has never been construed by this court, nor do we find where a statute identical in wording has ever been construed in any other state. But the history

of our legislation upon this matter is enlightening. The statute originally provided that at any time within three years after entry of judgment the creditor could have an execution issue. Section 1434, C. L. Utah 1876. In 1882 the period of limitation was increased to five years. Section 26, Chapter XLV, Laws of Utah 1882. This statute, taken from California, in effect prohibited the issuance of execution after the three, and later the five year period. *Mann* v. *McAtee,* 37 Cal. 11; *Stout* v. *Macy,* 22 Cal. 647. In 1884, we adopted verbatim an amended California statute by adding our provisions with respect to issuance of executions, Section 564, Laws of Utah 1884, which provides:

*"In all cases other than for the recovery of money,* the judgment may be enforced or carried into execution after the lapse of five years [then the statutory period of limitation] from the date of its entry, by leave of court, upon motion, or by judgment for that purpose, founded upon supplemental pleadings." (Italics added.)

In a number of cases the California Court construed this statute to mean execution could not issue on a money judgment after the statutory period had run. In *Buell* v. *Buell,* 92 Cal. 393, 28 P. 443, the Court held that money judgments could not be enforced by execution after lapse of five years under the statute just quoted. See also *Solomon* v. *Maguire,* 29 Cal. 237. In *Dorland* v. *Hanson,* 81 Cal. 202, 22 P. 552, 15 Am. St. Rep. 44, construing these statutes the court says:

"The only question in this case is whether or not an execution or order of sale can issue upon a decree foreclosing a street assessment, after five years. * * *

"Section 681 of the Code of Civil Procedure provides: 'The party in whose favor judgment is given may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement.' And section 685 provides: 'In all cases other than for the recovery of money the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose founded upon supplemental pleadings.' * * *

"Section 681 must be held to apply to a judgment the object, purpose, and effect of which is to enforce the payment of money, whether

the same be a personal judgment against the party indebted, or a decree foreclosing a lien for an amount due. Section 685 was evidently intended to and does apply to judgments requiring the party against whom it is rendered to do some specific act, as, for example, to deliver specific real or personal property. Taking this view of the two sections, we must hold that the order of the court below vacating the order authorizing the issuance of the writ after five years, and vacating the sale made under such writ, was right."

And in *Cortez* v. *Superior Court*, 86 Cal. 274, 24 P. 1011, 21 Am. St. Rep. 38, we read:

"The judgment, being one 'for the recovery of money,' so far as Wackenreuder was interested in it, could not be enforced by execution after the lapse of five years from the entry thereof. Sections 681, 685, Code Civil Proc.; *Dorland* v. *Hanson*, 81 Cal. 202, 22 P. 552 [15 Am. St. Rep. 44] * * * the order under review was in excess of the jurisdiction of the court. The court had no power to enforce the same after the lapse of five years. It had ceased to be operative, *White* v. *Clark*, 8 Cal. [512], 513."

The same holding is made in *Jacks* v. *Johnston*, 86 Cal. 384, 24 P. 1057, 21 Am. St. Rep. 50. It is clear therefrom that the statute then providing for execution or enforcement of judgment after the lapse of the limitation period applied only to judgments that required something to be done other than the payment of money, or to a judgment that could be satisfied by the payment of money. In 1895 California amended its statute, which amendment we copied into our law in the Revised Statutes of 1898.

Section 3237: "Revivor of judgment, Procedure. In all cases the judgment may be enforced or carred into execution after the lapse of five years from the date of its entry by leave of the court upon motion, or by judgment for that purpose founded upon supplemental pleadings; but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation *at the time of the taking effect of this revision.*" (Italics added.)

Speaking of this statute in *Harrier* v. *Bassford*, 145 Cal. 529, 78 P. 1038, the California Court construed it to mean that were it not for the words which we have italicized the section would be the same in its legal

effect as the prior statute, and bar issuance of execution on a money judgment after the limitation period,—that is, in effect to say the expression

*"but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation"* is the equivalent of the wording in the prior statute, *"In all cases other than for the recovery of money."*

The added phrase in the new statute which we have italicized where the statute is quoted above made the difference and limited the inhibition to judgments against which limitations had then run. *Doehla* v. *Phillips,* 151 Cal. 488, 91 P. 330; *Weldon* v. *Rogers,* 151 Cal. 432, 433, 90 P. 1062. So from 1898 to 1927 by leave of court an execution could issue on any judgment that was not barred by limitations in 1898 when that act took effect. In 1927, Laws 1927, c. 17, our legislature amended the statute by striking from it the last phrase, "at the time of taking effect of this act." This was the phrase which the California Court held prevented the preceding inhibition against executions on money judgments from being effective as to all money judgments. The elimination of this limiting phrase thereby made the exception from the enforcement provision general as to all money judgments. It will be presumed that in striking out the phrase indicated the legislature intended to make a change in the law. 59 C. J. 1097. *State ex rel. Gallagher* v. *District Court,* 36 Utah 68, 104 P. 750; *Union Trust Co.* v. *Henry P. Hawkins,* 121 Ohio St. 159, 167 N. E. 389, 73 A. L. R. 190. That it made this change seems clear and this is the only change that can be read to result from the amendment.

We conclude therefore that Section 104-37-6, R. S. U 1933, does not apply to money judgments, and execution on such judgments cannot issue after the statutory period of eight years has elapsed. (See annotation to pp. 1758-9-60-61, Kerr's Cyc. Code of California, Part 2, Sec. Edition 1920.)

The cause is remanded to the City Court with directions to recall the writ of execution, and cancel the order for its issuance. Costs to plaintiff.

MOFFAT, C. J., WOLFE and McDONOUGH, JJ., and BRYAN P. LEVERICH, District Judge, concur.

PRATT, J., on leave of absence.