Modesta Concepción Cosme et al., Plaintiffs and Appellants,
v. Demetrio Latoni Pecunia, Defendant and Appellee.

No. 8930. Argued May 17, 1944.—Decided May 31, 1944.

Abelardo Casanova Prats for appellants. Dubón & Ochoteco for appellee.

Mr. Chief Justice Travieso delivered the opinion of the court.

The facts of this case are as follows:

On October 11, 1934, the District Court of San Juan rendered judgment setting aside a mortgage foreclosure proceeding and sustaining the cross complaint, and ordered the plaintiffs to pay to the mortgage creditor the sum of $12,171.22. This amount included the interest accrued until April 1932. On May 26, 1937, this court modified the judgment appealed from, in so far as it denied the plaintiffs the right to claim the amount of the rents received by the defendants while they were in possession of the property, and affirmed it as to the other features thereof, remanding the case to the lower court with instructions to make the corre-

sponding calculations. *Concepción* v. *Latoni*, 51 P.R.R. 547, 564.

On June 25, 1941, the lower court entered an amended judgment whereby it ordered the defendant to pay to the plaintiffs the sum of·$4,810.71, for rents received, and ordered the plaintiffs to pay to the defendant and cross-complainant the sum of $12,171.22. On May 19, 1943 we affirmed this judgment. *Concepción* v. *Latoni*, 62 P.R.R. 98. The appeal taken by the defendant was dismissed by the U. S. Circuit Court of Appeals on November 18, 1943. The appeal taken by the plaintiffs is still pending in said Circuit Court.

On December 21, 1943, both parties filed in the lower court a ''Motion praying for an Explanatory Order of the Judgment,'' wherein they stated that they had been unable to come to an agreement as to the payment of interest on the amounts they had to pay each other under the terms of the original judgment of October 11, 1934, and of the amended judgment of June 25, 1941.

The defendant contends that he is entitled to interest at the legal rate of 6 per cent on $12,171.22 from October 11, 1934, until the date of payment.

The plaintiffs contend that the judgment rendered against the defendant for $4,810.71 should not bear interest in the event it is decided that the judgment for defendant and against plaintiffs should not bear interest.

On April 3, 1944, the lower court held:

(1) That the defendant is entitled to interest at 6 per cent on $12,171.22 from October 11, 1934, when the original judgment was rendered, until October 1, 1941, when the appeal was taken from the amended judgment; and from November 18, 1943, the date on which the appeal was dismissed until the date of payment.

(2) That the plaintiffs are entitled to legal interest on $4,810.71 from June 25, 1941, date of the·amended judgment, until July 7, 1941, date of appeal from said judgment, and

from May 19, 1943, when the judgment was affirmed, until fully paid.

Feeling aggrieved, the plaintiffs have taken the present appeal. They contend that the lower court erred in not deciding that the original as well as the amended judgment excluded the payment of interest.

In the opinion rendered in support of the judgment of October 11, 1934, wherein the mortgage foreclosure proceeding was set aside, the trial court stated the following:

"The additional amount of $850 for expenses, costs and attorney's fees was not included in the offer made by the defendant at the public sale and although it is alleged that he had to pay the same, the mortgage foreclosure proceeding being void, nothing may be charged for that item nor for interest from the time of execution, because the properties were improperly conveyed to the defendant and he has been deriving benefit from them since that time. *Pontón v. Successors of Huertas*, 46 P.R.R. 763."

The amended judgment, entered on June 25, 1941, contains no provision as to the payment of interest.

█ We have no doubt that when the trial judge provided in his original judgment that the plaintiffs did not have to pay interest on the total sum which they owed the defendant, he acted thus because he believed that it would be unfair to grant the defendant interest and at the same time permit him to keep the rents produced by the properties while they were being unlawfully occupied by the defendant. The court had committed the error of denying the plaintiffs the right to claim the return of those rents; and that error would have been accentuated if in addition to denying them such right, they would have been ordered to pay interest. Having corrected that error in accordance with the terms of our judgment of May 26, 1937, the lower court entered the amended judgment of June 25, 1941, in which it confined itself to ordering the defendant to pay to the plaintiffs the amount of $4,810.71 "for rents claimed in the third cause

of action," and ordered the plaintiffs to pay to the defendant the sum of $12,171.22. This amended judgment, which is the one to be satisfied if it is affirmed by the said Circuit Court, has replaced the original judgment for all legal purposes.

Since the said judgment contains no provision whatsoever as to the payment of interest, the clerk of the court should in registering the judgment include the corresponding interest, counted from the date on which it was entered, pursuant to §341 of the Code of Civil Procedure. *Hernández Mena* v. *Foote,* 22 P.R.R. 705; *Miranda* v. *P. R. Ry. L. & P. Co., per curiam* decision of June 26, 1936, 50 *D. P.R.* 974; *Ex parte Franceschi,* 53 P.R.R. 72; *Bravo* v. *District Court,* 60 P.R.R. 265; 14 Cal. Jur. 945. Therefore, the lower court did not err in deciding that both judgments drew interest from the date they were made and not from the date they were modified or affirmed. *Ex parte Franceschi, supra.* Likewise, it did not err in deciding that neither the plaintiffs nor the defendant was entitled to interest for the period during which their respective appeals were pending. 33 C. J. 247, §§158 to 161 inclusive.

The order appealed from must be affirmed.