MARGARITA PADILLA WIDOW OF OLIVER ET AL., Plaintiffs and Appellees, *v.* NEFTALÍ VIDAL GARRASTAZÚ, Defendant and Appellant.

No. 10082. Argued April 20, 1950.—Decided June 6, 1950.

*J. Alemañy Sosa* for appellant. *Aníbal Padilla* and *José Sabater* for appellees.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The plaintiffs herein filed a complaint on April 21, 1949, in the District Court of Mayagüez, in order to recover a judgment rendered on May 10, 1935 [1] in an action for damages. A stipulation and an explanatory stipulation were filed in which it was stated that the defendant had deposited the amount of $5,000 in court—the amount of the original judgment[2]—at the plaintiff's disposal, without prejudice on the defendant's part to attack plaintiffs' right to recover judgment in an action brought on the principal, as well as the interest thereof; that any decision as to said

---

[1] On June 22, 1937 this Court assumed the defendant had given up its appeal, the judgment becoming final and unappealable since then.

[2] No mention of the interest was made in the judgment.

impeachment would not affect the voluntary payment made, which would be considered complete and final and that the decision rendered would be without any special imposition of costs and attorney's fees. After the defendant raised certain questions of law, which were essentially the same as those on which this appeal is based, the case went to trial and judgment was rendered on June 22, 1949, granting the complaint and decreeing that the plaintiffs shall recover from the defendant the sum of $5,000 in payment of the principal of the judgment rendered in the suit for damages, declaring that the deposit was duly made and by virtue thereof, relieving the defendant from the payment of said amount. The defendant was also ordered by that judgment to pay to the plaintiffs interest on the sum of $5,000, at the rate of 6 per cent per annum from May 10, 1949 (sic)[3] until May 13, 1949, on which latter date the principal was deposited in court, it being stated besides, that the said interest amounted to $4,202.50. The judgment of June 22, 1949, provided likewise, that according to the stipulation, each party would pay its own costs and attorney's fees. Feeling aggrieved, the defendant appealed and in support of his appeal he maintains that the lower court erred in deciding that (1) "in an independent action to enforce the execution of the judgment, even if it be an action of debt, the term to recover said judgment is not the five years prescribed by §§ 239 and 243 of the Code of Civil Procedure but fifteen years prescribed by § 1864 of the Civil Code, 1930 ed.;" and that (2) "the plaintiff in an action for recovery of judgment is entitled to collect interest on the judgment in the action, although the court which rendered the judgment did not award it or the clerk of the court on entering said judgment did not state that it accrued any interest."

In discussing the first error assigned, the defendant asks us to overrule all our cases in which upon interpreting the

---

[3] Undoubtedly it was meant May 10, 1935. *Cf. Ex parte Franceschi*, 53 P.R.R. 72.

scope of the aforesaid Sections of the Code of Civil Procedure, we have decided that notwithstanding the context thereof, judgments in actions of debt should be recovered by independent actions filed within the term of fifteen years counted from the date on which they become final and unappealable.[4] This makes us once again review carefully our rulings on the matter.

 Section 239 of the Code of Civil Procedure provides:

"The party in whose favor judgment is given, may, at any time within five years after the entry thereof, have a writ of execution issued for its enforcement."

And § 243 of the same legal body:

"In all cases *other than for the recovery of money*, the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose, founded upon supplemental proceedings." (Italics ours.)

Sections 239 and 243, *supra*, were taken from the California Code of Civil Procedure.[5] As ordinarily the adoption of a statute from another jurisdiction is presumed to have been made with the construction previously given to it by the courts of the place where it originated—*Legarreta* v. *Treasurer*, 55 P.R.R. 20; *Vázquez* v. *Font*, 53 P.R.R. 252; *Marchán* v. *Eguen Otazábal*, 44 P.R.R. 396—we shall review the construction given by the Supreme Court of California to the Sections of the Code of Civil Procedure of that State equivalent to ours copied above.

---

[4] See among others, *Valiente* v. *Buxó*, 68 P.R.R. 123; *Rodríguez* v. *Martínez*, 68 P.R.R. 417; *Capó* v. *Piñeiro*, 33 P.R.R. 832; *Candal* v. *Pierluisi et al*, 28 P.R.R. 564.

[5] See §§ 681 and 685 of the California Code of Civil Procedure, as they were in force in that State from April 2, 1866 to March 9, 1895, as well as *Mann* v. *McAtee*, 37 Cal. 11, 13; *Weldon* v. *Rogers*, 151 Cal. 432, 433. *Cf. Youngdale* v. *Burton*, 128 P. 2d 1053, 1055, (1942), in which reference is made to a statute of the state of Utah, of 1882, which was the same as § 243 of our Code of Civil Procedure.

In California prior to April 8, 1861 judgment could be enforced at any time within the five years from the date of its entry and also, after the expiration of said period, upon motion to the court. Between April 8, 1861 and April 2, 1866 an order of execution could only issue within the five years immediately after entry of judgment. Since April 2, 1866, however, until March 9, 1895 a judgment could be enforced in all cases, *other than for the recovery of money*, after five years had elapsed, by order of the Court.[6] Thus § 685 of the California Code of Civil Procedure prevailed until the last mentioned date (March 9, 1895) when said Section was amended to read:

"In all cases the judgment may be enforced or carried into execution after the lapse of five years from the date of its entry, by leave of the court, upon motion, or by judgment for that purpose, founded upon supplemental proceedings; but nothing in this section shall be construed to revive a judgment for the recovery of money which shall have been barred by limitation at the time of the passage of this act."

Therefore, as § 243—which text is fundamental in the interpretation of the matter [7]—is a verbatim adaptation of § 685 of the California Code of Civil Procedure which governed in said State from April 2, 1866 until March 9, 1895, our main duty is to investigate what interpretation was given in that State to said Section. In *Rowe* v. *Blake*, 99 C..l. 167, 171 (1893) it was decided that the right to bring an action upon a judgment or decree is recognized by that Code as the subject of a civil action and such action may be brought within five years and the time begins to run from the entry of the judgment.[8] In *Cortez* v. *Superior*

---

[6] See Fairall's Code of Civil Procedure, Annotated, California 1916, Code Commissioner's Note, on p. 804.

[7] Section 239 of our Code of Civil Procedure is of slight importance here, unless it is considered as supplementary to § 243 of the same Code. That is why we hardly make any reference to it or to § 681 of the California Code of Civil Procedure which is its equivalent.

[8] See § 336 of the California Code of Civil Procedure.

*Court*, 86 Cal. 274,. 278 (1890) it was decided that since the judgment was for the recovery of money, the latter could not be enforced by execution after the lapse of five years from the entry thereof; and that "it was in excess of the jurisdiction of the court after the lapse of five years, from the entry of judgment." And in *Jacks* v. *Johnston*, 86 Cal. 384 (1890); *Dorland* v. *Hanson*, 81 Cal. 202 (1889) and *Bowers* v. *Crary*, 30 Cal. 622 (Oct. 1866), it was decided likewise that in actions for the recovery of money, the enforcement of a judgment could not be required nor its execution issued, after a lapse of five years from its rendition and that any supplemental proceeding to completely enforce a judgment should be issued within the indicated period, from the date of its rendition. Also, that in any other case it could be done within the sound discretion of the court once said term has expired.[9]

Since § 685 of the California Code of Civil Procedure, as amended in 1895, provides that nothing in it shall be construed to revive a judgment for the recovery of money which shall have been barred. by limitation, it was necessary to construe it once more as it stood before the amendment, in connection with cases for the recovery of money in which judgment had been rendered prior to the effectiveness of the amendment.

In *Doehla* v. *Phillips*, 151 Cal. 488 (1907) the Supreme Court of that State faced the question directly. In it judgment was made December 30, 1891, and entered December 31, 1891 for $518.25, then due under the terms of a promissory note given by the defendants as joint makers. Nothing was done in the matter of enforcing said judgment until March 10, 1905 when an *ex parte* application was made to the superior court for an order allowing the enforcement thereof. Four days later an execution was accordingly

---

[9] In Puerto Rico it has been likewise decided in cases where the recovery of money is not involved. See *Banco Territorial y Agrícola* v. *Marcial*, 44 P.R.R. 124; *Echevarría et al.* v. *Alers et al.*, 23 P.R.R. 102.

issued and on April 12, 1905 one of the defendants moved to vacate said order. Said motion was dismissed and on appeal to the Supreme Court of California, that Court stated on page 491 the following:

"Prior to the amendment [of 1895] of Section 685 of the Code of Civil Procedure a judgment for the recovery of money could not be revived or enforced *in any way* after the expiration of five years from the time the judgment became final. . . . Section 685 of the Code of Civil Procedure authorizing the judgment to 'be enforced or carried into execution, after the lapse of five years from the date of its entry,' was by its terms applicable only to cases *'other than for the recovery of money'*." (Brackets and italics ours.)

The only substantial change made therein by the 1895 amendment consisted in the striking out of the words "other than for the recovery of money" after the words "in all cases" and in adding the last statement as to judgments for the recovery of money barred by limitation at the time of the enactment of the amendment. The effect of this addition was therefore to make the Section applicable to all cases, including actions for the recovery of money. See *Saunders* v. *Simms*, 183 Cal. 167, 170 (1920); 11 Cal. Jur., § 9, 15 Cal. Jur. 256, § 257; 67 A.L.R. 304.

However, in the opinion rendered in the case of *Doehla* v. *Phillips, supra,* it is stated that "Section 336 of the Code of Civil Procedure (of California) [10] in the general statute of limitations, provides the period within which an independent action may be commenced on a judgment, an action in which the plaintiff, upon proving his judgment and its nonsatisfaction, is entitled *as a matter of right,* to a new judgment" and that "it has no relevancy to the question under consideration here (that of limitation)." See also *Bred-*

---

[10] Section 335 of the California Code of Civil Procedure provides that "The periods prescribed for the commencement of actions other than for the recovery of real property, are as follows:

"Section 336. Within five years . . .:

"(1) An action upon a judgment or decree of any court of the United States or of any state within the United States."

*field* v. *Hannon*, 151 Cal. 497, 498, in which after quoting *Doehla* v. *Phillips, supra,* and others, it is stated that the general statutes of limitation apply only to actions and to special proceedings of a civil nature and not to motions for leave to issue an execution according to the provisions of § 685 of the Code of Civil Procedure; see also *Rowe* v. *Blake, supra,* on p. 171.

On the other hand, the Supreme Court of the State of California decided in *Bryant* v. *Bank of California,* 7 Pac. 128 (1885) that the proceedings supplementary to execution are entirely statutory and such proceedings are separate in an original action and in which the court where the action is pending is called upon to exercise its jurisdiction in aid of the judgment in the action; and that as the statute which gives the remedy prescribes the mode of procedure, the mode must be followed.

The doctrine laid down in the California cases decided while § 685 of the Code of Civil Procedure prevailed in identically the same way as it prevails in Puerto Rico, is, in short, that in actions for the recovery of money any supplemental proceedings seeking the execution of the judgment rendered should necessarily be brought within the period of five years fixed by the aforesaid Section; that by supplemental proceedings it was meant those within the same action and in the same court to enforce the judgment rendered; that notwithstanding the provisions of § 685 the successful party could file an independent action for recovery of money; and that such action, according to the specific provisions of § 336 of the same Code, had to be necessarily brought within five years after entry of judgment.

Section 243 of the Puerto Rico Code of Civil Procedure —like § 685 of California—speaks of supplemental proceedings to be followed for the execution of a judgment. Sections 269 to 276 of the same Code provide for "proceedings supplemental to the execution", among which there is a motion for the court to compel the judgment debtor to appear

and answer upon oath concerning his property; the subrogation of a third person for the debtor by payment of judgment; and the subrogation of the creditor in any rights or actions that the debtor might have against a third person;[11] and that the court may in such supplemental proceedings and "by order . . . forbid a transfer or other disposition of such interest or debt until . . . an action can be commenced and prosecuted *to judgment*." [12] (Italics ours.)

■■ The right to bring an independent action for the recovery of money has been recognized by us. *Tettamanzi* v. *Zeno*, 24 P.R.R. 724; *Candal* v. *Pierluisi, supra*. As in Puerto Rico we do not have a Section equivalent to § 336 of the California Code of Civil Procedure [13] and our Civil Code by express provision of its § 12 (1930 ed.) is supplemental to special laws, we must resort to it in order to determine whether it makes any provision for limitation periods in actions for the recovery of a judgment. Such actions, as we said in *Valiente* v. *Buxó, supra*, are personal in character, and according to the provisions of § 1864 of the Civil Code, they prescribe after the lapse of fifteen years, counted from the date on which the judgment became definitive and enforceable.[14]

Interpreting § 1964 of the Spanish Civil Code, which is identical with § 1864 of ours, the Supreme Court of Spain, in its judgment of December 15, 1908 (112 *Jurisprudencia Civil* 974, 979) decided "That whatever the nature of an action argued at trial, the judgment rendered therein constitutes a new and true title with legal rights inherent to the same, from which a personal action arises, to execute the judgment, different from the original one on which the petition in the trial was based, and this established, in the

---

[11] Regarding the rights of creditors who have attached property of debtor, see also § 1064 of the Civil Code (1930 ed.).

[12] This is a case in which a new judgment can be rendered within supplemental proceedings to the execution.

[13] See note 10, *supra*.

[14] See § 1871 of the Civil Code, 1930 ed.

absence of a special term to bring the action, it is evident that the limitation term must be fifteen years . . ." See also the decision of the Supreme Court of Spain rendered on April 22, 1915 (133 *Jurisprudencia Civil* 169, 175) ; Manresa, *Comentarios, Código Civil Español*, Vol. XII, 1931 ed., p. 796 and Colin y Capitant, *Derecho Civil*, Vol. 3, 1943 ed., p. 326.

Based on the aforesaid reasoning, we conclude that although in Puerto Rico the enforcement or execution of a judgment for recovery of money can not be required within the same action after the lapse of five years, it may be commenced in an independent action within fifteen years. Therefore, the first error assigned was not committed.

■ Regarding the second error we shall say that although interest was not mentioned in the original judgment for damages, and that although the clerk of the court in entering judgment did not include it either, such interest by express provision of law, was a part of the judgment and recoverable. See: § 341, Code of Civil Procedure; § 1 of Act No. 5 of August 17, 1933 (Spec. Sess. Laws, p. 26) ; *Concepción* v. *Latoni*, 63 P.R.R. 666; *Bravo* v. *District Court*, 60 P.R.R. 265; *Miranda* v. *P. R. Ry. Light and Power Co.*, per curiam decision of June 26, 1936 (50 *D.P.R.* 974) ; *Hernández Mena* v. *Foote*, 22 P.R.R. 705; as well as 14 Cal. Jur., pp. 675 and 945, §§ 4 and 48; 1 A.L.R. 2d 491.

■ At the hearing we asked the attorney for the appellant, without either party having raised the matter, whether in view of the payment of the $5,000, which was the amount of the original judgment, this suit had not become academic, to which he answered in the negative. We agree. The complaint filed in the case at bar prays for the payment of the total sum of $9,150 to cover the $5,000 of the original judgment plus $4,150 interest at the legal rate of 6 per cent for thirteen years, ten months and eleven days. The partial payment of the total sum claimed could not in effect operate to make the action academic. The interest, we repeat, was

part of the original judgment and its non-payment entitled the plaintiffs to continue the action for this recovery. *Cf. Brenes* v. *Hartman & Co.*, 17 P.R.R. 568, 573.

██ The contention of the appellees to the effect that the amount of the judgment rendered in the case for damages should be increased by us lacks merit, since it is a general rule of law that in an action on a former judgment, the original cause of action is not reviewable on its merits. 31 Am. Jur. 332, § 824.

The judgment appealed from will be affirmed.