ECHAVARRÍA ET AL., DEMANDANTES Y APELADOS, *v.* ALERS ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en causa sobre rescisión de partición: moción sobre cancelación de inscripciones.

No. 1330.—Resuelto en julio 29, 1915.

JURISDICCIÓN—PRESUNCIÓN DE REMISIÓN DE PLEITO AL DISTRITO DONDE FUÉ INCORPORADO EL PUEBLO DONDE RADICAN LAS FINCAS.—Presentada en la Corte de Distrito de Aguadilla la moción para cumplimiento de una sentencia dictada por la de Mayagüez en 1903 con respecto a fincas radicadas en el pueblo de San Sebastián, el cual fué incorporado a la primera de dichas cortes por la ley de 1904 para reorganizar el sistema judicial, debe presumirse que el pleito fué remitido a la Corte de Distrito de Aguadilla y por tanto que ésta tiene jurisdicción para actuar en él.

ID.—ACTUACIONES Y DOCUMENTOS OBRANTES EN EL PLEITO—EJECUCIÓN DE LA SENTENCIA—CONOCIMIENTO JUDICIAL.—Un juez puede tomar conocimiento judicial de las actuaciones y de los documentos obrantes en el pleito ante sí, sin que sea necesario que se presente prueba de ellos, ni que se entregue copia á la parte contraria, al resolver una moción para el debido cumplimiento de la sentencia dictada.

SUBROGACIÓN DE DERECHOS—PRESUNCIÓN.—Cuando un juez resuelve una moción en que los peticionarios aparecen subrogados en los derechos de una parte en un pleito, la presunción es de que de los autos constaba la subrogación.

TERCERO—ACCIÓN RESCISORIA—INSCRIPCIÓN EN EL REGISTRO—ENAJENACIÓN FRAU-
DULENTA.—El artículo 37 de la Ley Hipotecaria no dispone que la acción res-
cisoria no perjudica a tercero cuando su inscripción tiene un año de vigencia,
sino cuando la acción no se entabla dentro de un año contado desde el día
de la enajenación fraudulenta.

ID.—RESCISIÓN DE PARTICIÓN—CANCELACIÓN DE INSCRIPCIÓN.—No tienen el carác-
ter de terceros las personas que aparecen recibiendo bienes en una partición
que fué rescindida y cuyas inscripciones se mandan cancelar.

EJECUCIÓN DE SENTENCIA—NOTIFICACIÓN DE LA MOCIÓN PARA SU CUMPLIMIENTO.—
No puede sostenerse que una persona, que alega ser tercero no ha sido oída y
vencida en juicio cuando para hacer cumplir una sentencia se le notificó la
moción en que se interesaba la cancelación de una inscripción en el registro
de la propiedad y tomó parte activa en oposición a ella, con mayor motivo
si del pleito consta que hizo la compra cuya inscripción se manda cancelar
cuando había sido anotada en el registro la demanda de rescisión de una
partición por la cual adquirió su vendedor.

ID.—CUMPLIMIENTO DE LA SENTENCIA DESPUÉS DE TRANSCURRIDOS CINCO AÑOS
DE REGISTRADA—DISCRECIÓN JUDICIAL.—Si bien el artículo 239 del Código de
Enjuiciamiento Civil limita a cinco años el tiempo para pedir el cumplimiento
de una sentencia, como el artículo 243 del propio texto autoriza a la corte
para llevar a cumplimiento una sentencia que no sea para cobro de dinero
después de los cinco años de haber sido registrada, al ordenar el juez trans-
curridos dichos cinco años que la sentencia se cumpla en el particular que se
interesa, la presunción es de que hizo uso de esa facultad discrecional.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Víctor P. Martínez y Gon-
zález.*

Abogado de los apelados: *Sr. Enrique González Mena.*

EL JUEZ ASOCIADO SR. ALDREY emitió la opinión del tri-
bunal.

José, Herminia e Ignacia Echavarría Maisonave presen-
taron moción a la Corte de Distrito de Aguadilla el 24 de
marzo de 1915 exponiendo: que los herederos y algunos
acreedores de don Venancio Esteves practicaron en 28 de oc-
tubre de 1897 la división de los bienes relictos y se los adjudi-
caron entre sí con perjuicio del acreedor hipotecario don Félix
Echavarría, partición que la heredera de éste doña Felícita
Maisonave impugnó ante la Corte de Distrito de Mayagüez
y se dictó sentencia en 24 de diciembre de mil novecientos
tres declarándola rescindida, la que fué confirmada por este
Tribunal Supremo; que practicada nueva partición en el año
1907 como consecuencia de esa sentencia, se adjudicaron en

ella a los peticionarios, como cesionarios de doña Felícita Maisonave, ciertas fincas que no pueden inscribir en el registro de la propiedad porque aún subsisten en él las inscripciones que en virtud de la partición rescindida se hicieron a favor de doña Isabel Alers Beauchamps, de doña Mercedes, doña Monserrate y doña Rafaela Esteves Alers, de doña María Santoni, viuda de Aramburu, de don Víctor Martínez que por su muerte está representado por su heredero don Víctor P. Martínez y González, y de la mercantil L. Orfila y Compañía, representada por don Lorenzo Orfila hoy difunto, y cuya sucesión representa su viuda doña Carmen Iturrino, por lo que después de reseñar las fincas a que las inscripciones se refieren concluyeron con la súplica de que se librase mandamiento al registrador ordenándole la cancelación de esas inscripciones.

A esa moción se opusieron doña Isabel Alers Beauchamps, doña Rafaela, doña Monserrate y doña Mercedes Esteves Alers, doña Carmen Iturrino y doña María Santoni, viuda de Aramburu, y celebrada la vista, en la que estuvieron defendidas por el abogado don Víctor P. Martínez y González, el juez, después de consignar que la moción fué debidamente notificada a las personas en ella nombradas, dictó resolución ordenando las cancelaciones que se interesan y contra ella interpusieron los opositores el presente recurso de apelación que han sostenido por medio de su abogado don Víctor P. Martínez y González.

En los primeros cuatro motivos del recurso se alega como fundamento para que revoquemos la resolución apelada que no aparece de la moción que la Corte de Distrito de Aguadilla tenga jurisdicción para resolverla porque se refiere a un pleito tramitado en la de Mayagüez sin que se haga constar que ha sido trasladado a la de Aguadilla; que no resulta de la moción que los peticionarios hayan sido subrogados en los derechos de doña Felícita Maisonave por alguna de esas cortes y que tampoco aparece que hayan ofrecido prueba de los

documentos a que se hace referencia, que se entregara copia
de ello a los opositores, ni el permiso de la corte para que
los peticionarios queden subrogados en los derechos de la
señora Maisonave.

Aunque en la moción se consigna que el pleito se tramitó
en Mayagüez, sin embargo, como las fincas a que él se refiere
radican en el pueblo de San Sebastián, el cual fué incorporado
a la demarcación judicial del distrito de Aguadilla por la Ley
de 1904 para reorganizar el sistema judicial, debemos suponer
que dicho pleito fué remitido debidamente a la Corte de Dis-
trito de Aguadilla por formar parte de él el pueblo de San
Sebastián.

Teniendo pues, la corte ante sí el pleito, tiene jurisdicción
para resolverlo y habiendo sido presentada en el mismo la
moción que tiene por objeto llevar a debido cumplimiento la
sentencia que se dictó, el juez pudo tomar conocimiento judi-
cial de sus actuaciones y de los documentos en él obrantes,
por lo que no era necesario que se presentara prueba de ellos
ni que se entregara copia a los demandados.   16 Cyc., 917
y 918.

Al resolver el juez la moción de los hermanos Echavarría,
debemos suponer también que en los autos constaba su subro-
gación en los derechos de doña Felícita Maisonave.

Por igual razón no es sostenible el 5°. motivo del recurso
referente a que habiendo hecho los opositores una negación
general de las alegaciones contenidas en la moción estaban
los peticionarios en el deber de probarlos.

Se alega en el 6°. motivo del recurso, que la mayor parte
de los demandados, sin que se diga cuáles, son terceros y que
bajo ningún concepto puede perjudicarles la sentencia de 24
de diciembre de 1903 desde el momento en que las inscripcio-
nes cuya cancelación se interesa tienen más de un año de
vigencia.

El artículo 37 de la Ley Hipotecaria no dispone, como
alegan los apelantes, que la acción rescisoria no perjudique a

tercero cuando su inscripción tiene un año de vigencia, sino cuando la acción no se entabla dentro de un año contado desde el día de la enajenación fraudulenta.

Además todas las personas cuyas inscripciones se mandan cancelar aparecen, según la moción, recibiendo bienes en la partición que fué rescindida, excepto don Víctor P. Martínez y González y no tienen el concepto de terceros.

Con respecto a don Víctor P. Martínez y González, quien según la moción tiene inscrita a su nombre por título de compra la adjudicación que se hizo a don Víctor Martínez en la partición rescindida, se alega en el 7°. motivo del recurso que no le perjudica la sentencia de 24 de diciembre de 1903, ni la orden apelada, porque no puede ser privado de sus bienes sin haber sido oído y vencido en juicio.

Dicho señor no solamente fué notificado de la moción, según se consigna en la resolución del juez, sino que ha sido el abogado de los opositores y el que alega especialmente en este recurso que no puede ordenarse la cancelación respecto de él; y aunque es cierto que según la moción él adquirió por compra la participación que en el registro estaba inscrita a favor de don Víctor Martínez por adjudicación que se le hizo a este señor en la partición rescindida, no puede sostener que no ha sido oído y vencido en juicio, y que no le perjudica la mencionada sentencia, pues habiendo sido notificado de la moción y habiendo tomado una parte activa en la oposición a ella, debemos suponer que el juez resolvió en contra suya la cuestión de que aunque aparecía su inscripción por título de compra a don Víctor Martínez, debía perjudicarle la sentencia de 24 de diciembre de 1903 y en su consecuencia que debía ordenarse la cancelación de su inscripción si del pleito en que se dictó dicha sentencia resulta como sostienen los apelados que don Víctor P. Martínez y González compró la participación adjudicada a don Víctor Martínez después que en el registro de la propiedad se había tomado anotación de la demanda de rescisión.

El último motivo que se alega por los apelantes es que el cumplimiento de la sentencia está prescrito de acuerdo con el artículo 239 del Código de Enjuiciamiento Civil. Es cierto que el artículo que se cita limita a cinco años el tiempo para pedir el cumplimiento de una sentencia, pero como el artículo 243 del propio texto autoriza a la corte para llevar a cumplimiento una sentencia, que no sea para cobro de dinero, después de los cinco años de haber sido registrada, al ordenar el juez transcurridos dichos cinco años que la sentencia se cumpla en el particular que se interesa, debemos suponer que hizo uso de esa facultad discrecional.

No siendo, pues, sostenibles los motivos que se alegan para la revocación de la resolución apelada, debemos confirmarla.

                        *Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.