Margarita Padilla Vda. Oliver et al., demandantes y apelados, *v.* Neftalí Vidal Garrastazú, demandado y apelante.

Núm. 10082.—*Sometido:* Abril 20, 1950. *Resuelto:* Junio 6, 1950.

*J. Alemañy Sosa,* abogado del apelante; *Aníbal Padilla* y *José Sabater,* abogados de los apelados.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

Para recobrar el importe de una sentencia dictada en 10 de mayo de 1935 (¹) en acción de daños y perjuicios, los aquí demandantes instaron en 21 de abril de 1949 demanda ante la Corte de Distrito de Mayagüez. Luego de radicarse una estipulación y una estipulación aclaratoria, en las que se hizo constar que el demandado depositaba en corte la suma de $5,000—importe de la sentencia original (²)—a disposición del demandante, sin perjuicio de que el demandado pudiera impugnar el derecho de los demandantes a cobrar la sentencia por medio de la acción ejercitada, tanto en cuanto al principal como a los intereses de la misma; que lo que se resolviera con motivo de dicha impugnación en nada afectaría el pago voluntario hecho, el que se consideraría consumado y definitivo, y que la resolución que se dictara sería sin especial condena de costas y honorarios de abogado; y después de plantearse por el demandado ciertas cuestiones de derecho, que en esencia son iguales a las que sirven ahora de fundamento a la presente apelación, fué el pleito a juicio, dictándose sentencia en 22 de junio de 1949 declarando con lugar la demanda y decretando que los demandantes recobrarían del demandado la suma de $5,000 en pago y satisfacción del principal de la sentencia dada en el pleito de daños y perjuicios, declarando bien hecha la consignación y, a virtud de la misma, relevando al demandado del pago de la referida cantidad. También se condenó por esa sentencia al demandado a pagar a los demandantes intereses sobre la suma de $5,000 al tipo

---

(¹) En 22 de junio de 1937 este Tribunal tuvo a la parte demandada por desistida de su recurso de apelación, convirtiéndose desde entonces en firme y ejecutoria la sentencia.

(²) En la sentencia no se hizo mención de los intereses.

del 6 por ciento anual desde el día 10 de mayo de 1949 (sic) (³) hasta el 13 de mayo de 1949, fecha esta última en que se consignó el principal, haciéndose constar además que los referidos intereses montaban a la suma de $4,202.50. Dispuso, asimismo, la sentencia de 22 de junio de 1949 que de acuerdo con lo estipulado cada parte pagaría sus propias costas y honorarios de abogado. No conforme, el demandado apeló y en apoyo de su recurso sostiene que la corte inferior erró al resolver que (1) "cuando se recurre a una acción independiente para obtener que un deudor por sentencia satisfaga el importe de la misma, aunque la acción en que ésta se haya dictado sea en cobro de dinero, el término para recobrar el importe de dicha sentencia no es el de cinco años que señalan los artículos 239 y 243 del Código de Enjuiciamiento Civil y sí el de quince años que prescribe el artículo 1864 del Código Civil, edición de 1930"; y que (2) "el demandante en una acción para recobrar el importe de una sentencia tiene derecho a cobrar intereses sobre la sentencia objeto de la acción, aunque la corte que dictó la misma no los concediera ni el secretario al registrar dicha sentencia hiciera constar que la misma devengaba interés alguno."

Al discutir el primer error señalado, el demandado nos pide que revoquemos todos aquellos casos nuestros en que interpretando el alcance de los citados artículos del Código de Enjuiciamiento Civil, hemos resuelto que no obstante el contexto de los mismos, sentencias en cobro de dinero pueden ser recobradas mediante acción independiente iniciada al efecto dentro del término de quince años a partir de la fecha en que las mismas fueren firmes. (⁴) Esto nos lleva a revisar una vez más detenidamente la cuestión así resuelta.

Provee el artículo 239 del Código de Enjuiciamiento Civil que:

(³) Sin duda se quiso decir 10 de mayo de 1935. *Cf. Franceschi, Ex parte*, 53 D.P.R. 75.

(⁴) Véanse, entre otros, los casos de *Valiente* v. *Buxó*, 68 D.P.R. 132; *Rodríguez* v. *Martínez*, 68 D.P.R. 450; *Capó* v. *Piñeiro*, 33 D.P.R. 870; *Candal* v. *Pierluisi*, 28 D.P.R. 606.

"La parte a cuyo favor se hubiere dictado sentencia, podrá en cualquier tiempo, dentro de los cinco años después de registrada, obtener una orden de ejecución para su cumplimiento."

Y el artículo 243 del mismo cuerpo legal que:

"En todos los casos, *excepto para cobro de dinero,* podrá exigirse el cumplimiento de la sentencia o llevar a cabo su ejecución, después de un término de cinco años, a contar desde la fecha en que hubiere sido registrada mediante autorización de la corte a instancia de parte, o sentencia dada/ al efecto, en procedimientos adicionales (*supplemental proceedings*)." (Bastardillas nuestras.)

Los artículos 239 y 243, supra, fueron tomados del Código de Enjuiciamiento Civil del Estado de California.([5])   Como de ordinario la adopción de un estatuto de otra jurisdicción se presume hecha con la interpretación previamente dádale por las cortes de ese lugar—*Legarreta* v. *Tesorero*, 55 D.P.R. 22; *Vázquez* v. *Font*, 53 D.P.R. 265; *Marchán* v. *Egüen Otazábal*, 44 D.P.R. 408—revisaremos la interpretación dada por la corte Suprema de California a los artículos del Código de Enjuiciamiento Civil de aquel estado equivalentes a los nuestros citados.

Antes de 8 de abril de 1861 en California podía exigirse de acuerdo con la ley, el cumplimiento de una sentencia en cualquier tiempo dentro de los cinco años después de dictada. Una vez expirado ese término también podía lograrse la ejecución mediante moción dirigida a la corte.   Entre el 8 de abril de 1861 y el 2 de abril de 1866 sólo podía obtenerse una orden de ejecución dentro de los cinco años inmediatamente siguientes a la fecha en que se dictó la sentencia. Sin embargo, desde el 2 de abril de 1866 hasta el 9 de marzo

---

([5]) Véanse los artículos 681 y 685 del Código de Enjuiciamiento Civil de California, según rigieron en ese estado desde el 2 de abril de 1866 hasta el 9 de marzo de 1895, así como *Mann* v. *McAtee,* 37 Cal. 11, 13; *Weldon* v. *Rogers,* 151 Cal. 432, 433.   *Cf. Youngdale* v. *Burton,* 128 P.2d 1053, 1055, (1942), en que se hace referencia a un estatuto del Estado de Utah, de 1882, que era igual al artículo 243 de nuestro Código de Enjuiciamiento Civil.

de 1895 el cumplimiento o la ejecución de una sentencia podía exigirse allí en todo caso, *excepto en acciones en cobro de dinero*, después de expirado el término de cinco años, mediante orden de la corte.([6]) En esa forma rigió el artículo 685 del Código de Enjuiciamiento Civil de California hasta que en la última fecha indicada (9 de marzo de 1895) se enmendó ese artículo para que leyera en la forma que reza actualmente, a saber: (Traducción nuestra.)

"En todos los casos podrá exigirse el cumplimiento de la sentencia o llevar a cabo su ejecución después de un término de cinco años, a contar desde la fecha en que hubiere sido registrada, mediante autorización de la corte, a instancia de parte, o a virtud de sentencia dictada con tal fin, fundada en procedimientos suplementarios; pero nada de lo contenido en este artículo se interpretará en el sentido de revivir una sentencia en cobro de dinero que estuviere prescrita al momento de aprobarse la presente ley."

Así pues, como el artículo 243—que es el fundamental a ser interpretado en la cuestión que nos ocupa([7])—es una adaptación *verbatim* del artículo 685 del Código de Enjuiciamiento Civil de California que rigió en dicho estado desde el 2 de abril de 1866 hasta el 9 de marzo de 1895, nuestro deber primordial es averiguar qué interpretación se dió allí a dicho artículo. En *Rowe* v. *Blake*, 99 Cal. 167, 171 (1893) se resolvió que el derecho a entablar una acción fundada en sentencia dictada en pleito en cobro de dinero está reconocido por el Código de Enjuiciamiento Civil, y que tal acción puede entablarse dentro del período de cinco años, contado a partir de la fecha en que se registró la sentencia.([8]) En *Cortez* v.

---

([6]) Véase Fairall's *Code of Civil Procedure, Annotated,* California 1916, *Code Commissioner's Note,* a la pág. 804.

([7]) El artículo 239 de nuestro Código de Enjuiciamiento Civil apenas desempeña aquí papel alguno, a no ser como complementario del artículo 243 del mismo Código. De ahí que casi no hagamos referencia a él o al artículo 681 del Código de Enjuiciamiento Civil de California, que es su equivalente.

([8]) Véase el artículo 336 del Código de Enjuiciamiento Civil de California.

*Superior Court*, 86 Cal. 274, 278 (1890) se decidió que siendo la sentencia una en cobro de dinero, la misma no podía ser ejecutada una vez expirado el término de cinco años, contado a partir de la fecha en que se registró; y que "la corte carecía de facultad para exigir el cumplimiento de la misma una vez expirado el término de cinco años." Y en *Jacks* v. *Johnston*, 86 Cal. 384 (1890); *Dorland* v. *Hanson*, 81 Cal. 202 (1889) y *Bowers* v. *Crary*, 30 Cal. 622 (Oct. 1866), se resolvió asimismo que en acciones en cobro de dinero no podía exigirse el cumplimiento de una sentencia, ni llevarse a cabo su ejecución, una vez expirado el término de cinco años, y que cualquier procedimiento suplementario que pudiera requerirse para exigir el cumplimiento (*completely enforce*) de una sentencia, debía iniciarse dentro del indicado período, a partir de la fecha en que fué registrada la misma. También, que en cualesquiera otros casos tal cosa podía hacerse, a discreción de la corte, una vez expirado dicho período.[9]

Como el artículo 685 del Código de Enjuiciamiento Civil de California, según quedó enmendado en 1895, dispone que nada de lo contenido en él se interpretará en el sentido de revivir una sentencia en cobro de dinero que estuviere prescrita, fué necesario interpretarlo una vez más tal cual regía antes de la enmienda, en relación con casos en cobro de dinero en los cuales se había dictado sentencia con anterioridad a la vigencia de la enmienda.

En *Doehla* v. *Phillips*, 151 Cal. 488 (1907), la Corte Suprema de aquel estado se confrontó directamente con la cuestión. En él la sentencia fué dictada el 30 de diciembre de 1891 y registrada al día siguiente por la suma de $518.25, de conformidad con los términos de un pagaré suscrito solidariamente por los demandados. Nada se hizo en el caso tendiente a exigir el cumplimiento de esa sentencia hasta el 10 de marzo de 1905, fecha en que se radicó ante la Corte

---

[9] En Puerto Rico se ha resuelto esto último en relación con casos que no son en cobro de dinero. Véanse: *Banco Territorial* v. *Marcial*, 44 D.P.R. 129; *Echevarría* v. *Alers*, 23 D.P.R. 109.

Superior un escrito *ex parte* solicitando la ejecución de la misma.   Cuatro días más tarde se dictó la orden interesada, y en 12 de abril de 1905 uno de los demandados solicitó se dejara sin efecto la orden así dictada.   Declarada sin lugar esa moción y llevada la cuestión en apelación ante la Corte Suprema de California, ésta se expresó del siguiente modo a la página 491 del tomo citado:

"Con anterioridad a la enmienda [de 1895] al artículo 685 del Código de Enjuiciamiento Civil una sentencia en cobro de dinero no podía ser revivida ni exigirse su cumplimiento *en forma alguna* una vez expirado el término de cinco años contado a partir de la fecha en que la sentencia fué firme.  . . .  El artículo 685 del Código de Enjuiciamiento Civil al efecto de que 'Podrá exigirse el cumplimiento de la sentencia o llevar a cabo su ejecución, después de un término de cinco años, a contar desde la fecha que hubiere sido registrada,' era por sus propios términos aplicables únicamente *a casos que no fueren en cobro de dinero.*"   (Corchetes y bastardillas nuestras.)

El único cambio sustancial efectuado en ese artículo por la enmienda de 1895 consistió en la eliminación de las palabras "excepto para cobro de dinero" después de la frase "en todos los casos" y en la adición de la oración final relativa a sentencias en cobro de dinero ya prescritas para la fecha de la aprobación de la enmienda.   El efecto de ésta fué, por tanto, hacer que el artículo se aplicara desde entonces a toda clase de casos, incluyendo aquéllos en cobro de dinero. Véanse *Saunders* v. *Simms*, 183 Cal. 167, 170 (1920) ; 11 Cal. Jur. 47, sec. 9; 15 Cal. Jur. 256, sec. 257; 67 A.L.R. 304.

Empero, en la opinión emitida en el propio caso de *Doehla* v. *Phillips*, supra, se hace constar que "el artículo 336 del Código de Enjuiciamiento Civil (de California),([10])   que

---

([10]) El artículo 335 del Código de Enjuiciamiento Civil de California dispone que "Los términos prescritos para la iniciación de acciones que no sean la reivindicatoria de propiedad inmueble, son los siguientes:

"Art. 336.  Dentro de cinco años . . .:

"(1) Cualquier acción sobre una sentencia o decreto dictado por una corte de los Estados Unidos o por cualquier corte estatal dentro de los Estados Unidos."

figura en el estatuto general de prescripción, fija el término dentro del cual puede instarse una acción independiente sobre la sentencia, acción en la cual el demandante al probar la existencia de la sentencia y su no pago tiene derecho, como cuestión descontada (*as a matter of right*), a una nueva sentencia" y que "esa sección nada tiene que ver con la cuestión que consideramos (la de prescripción)." Véase también *Bredfield* v. *Hannon*, 151 Cal. 497, 498, en el cual luego de citarse el de *Doehla* v. *Phillips*, supra, y otros, se hace constar que los estatutos generales de prescripción son aplicables meramente a las acciones y a los procedimientos especiales de naturaleza civil, mas no a las mociones en que se solicita el cumplimiento o la ejecución de sentencias en armonía con lo provisto por el artículo 685 del Código de Enjuiciamiento Civil; así como *Rowe* v. *Blake*, supra, a la pág. 171.

Por otra parte, la propia Corte Suprema de California decidió en el caso de *Bryant* v. *Bank of California*, 7 Pac. 128 (1885) que los procedimientos suplementarios a la ejecución son puramente estatutarios y que tales procedimientos suplementarios son procedimientos separados dentro del pleito original y en relación con los cuales la corte ante la que la acción está pendiente es la llamada a ejercer su jurisdicción en ayuda de la sentencia ya dictada en el mismo; y que como el estatuto que fija el remedio prescribe el procedimiento, el mismo debe ser seguido.

La jurisprudencia de California sobre la materia, mientras rigió allí el artículo 685 del Código de Enjuiciamiento Civil en forma idéntica a como rige en Puerto Rico, es, en síntesis, al efecto de que en acciones en cobro de dinero cualesquiera procedimientos suplementarios para exigir el cumplimiento o la ejecución de la sentencia dictada debían necesariamente iniciarse dentro del período de cinco años fijado por el referido artículo; que por procedimientos suplementarios se entendían los que se seguían dentro del mismo pleito y ante la misma corte para hacer cumplir la sentencia ya dictada; que no obstante los preceptos del artículo 685 la

parte victoriosa podía entablar demanda independiente en cobro de dinero; y que tal demanda, de conformidad con lo taxativamente provisto por el artículo 336 del mismo Código, tenía necesariamente que entablarse dentro de los cinco años de ser registrada la sentencia.

El artículo 243 del Código de Enjuiciamiento Civil de Puerto Rico—al igual que el 685 de California—habla de procedimientos suplementarios a ser seguidos para la ejecución o el cumplimiento de una sentencia. En los artículos 269 al 276 del mismo Código se proveen los "procedimientos suplementarios a la ejecución," entre los cuales figura una moción para que la corte ordene al deudor por sentencia que comparezca y conteste bajo juramento acerca de los bienes que posea; la subrogación de un tercero en lugar del deudor, mediante el pago de la sentencia; y la subrogación del acreedor en cualesquiera derechos o acciones que el deudor pudiere tener contra un tercero; ([11]) pudiendo la corte en tales procedimientos suplementarios y "mediante una orden, . . . prohibir que se traspase o disponga de tales bienes o deudas hasta tanto . . . se deduzca la correspondiente acción y se siga el juicio hasta *sentencia definitiva*." ([12])    (Bastardillas nuestras.)

El derecho a entablar una acción independiente en cobro de sentencia ha sido ya reconocido por nosotros. *Tettamanzi* v. *Zeno*, 24 D.P.R. 775; *Candal* v. *Pierluisi*, supra. Como en Puerto Rico no tenemos un artículo equivalente al 336 del Código de Enjuiciamiento Civil de California([13]) y nuestro Código Civil por disposición expresa de su artículo 12 (ed. 1930), es supletorio de las leyes especiales, es menester acudir a él para poder determinar si en alguno de sus

---

([11]) En cuanto al derecho de subrogación del acreedor, véase también el artículo 1064 del Código Civil (ed. 1930).

([12]) Éste es uno de los casos en que en procedimientos suplementarios dentro de la ejecución puede dictarse una nueva sentencia en el pleito.

([13]) Véase la nota 10, supra.

preceptos se fijan los términos prescriptivos para las acciones que se entablen en cobro de sentencias. Tales acciones, conforme dijimos en *Valiente* v. *Buxó*, supra, son de carácter personal y de acuerdo con lo provisto por el artículo 1864 del Código Civil, prescriben a los quince años, contados a partir de la fecha en que la sentencia quedó firme.[14]

Interpretando el artículo 1964 del Código Civil Español, que es idéntico al 1864 del nuestro, la Corte Suprema de España, en sentencia de 15 de diciembre de 1908 (112 Jurisprudencia Civil 974, 979) resolvió "Que cualquiera que sea la naturaleza de una acción deducida en juicio, la ejecutoria que en éste recae constituye un nuevo y verdadero título con efectos en Derecho propios e inherentes a la misma, del que se deriva una acción de carácter personal, para el cumplimiento de la resolución judicial, distinta de la primitiva en que se basó la petición formulada en el pleito, y esto sentado, no habiendo la ley fijado plazo especial para el ejercicio de la referida acción, es manifiesto que el tiempo para la prescripción de la misma, tiene que ser el de quince años, . . . ." Véanse también la sentencia del Tribunal Supremo de España de 22 de abril de 1915 (133 Jurisprudencia Civil 169, 175) ; Manresa, Comentarios, Código Civil Español, tomo XII, ed. 1931, pág. 796, y Colin y Capitant, Derecho Civil, tomo 3, Ed. 1934, pág. 326.

Concluimos, basados en los razonamientos antes expuestos, que si bien en Puerto Rico no puede exigirse dentro del pleito mismo en que se dictó, el cumplimiento ni la ejecución de una sentencia en cobro de dinero después de expirado el término de cinco años, la misma puede ser exigida en acción independiente instada al efecto dentro del término de quince años. Por tanto, el primer error señalado no ha sido cometido.

■ En relación con el segundo error diremos que aunque en la sentencia dictada en el pleito original de daños y per-

---

[14] Véase también el artículo 1871 del Código Civil (ed. 1930).

juicios no se mencionaron los intereses, y que si bien el secretario al registrarla tampoco los incluyó, tales intereses por disposición expresa de ley formaban parte integrante de la sentencia y podían ser recobrados. Véanse: Artículo 341, Código de Enjuiciamiento Civil; sec. 1 de la Ley núm. 5 de 17 de agosto de 1933 (Ses. Ext.), pág. 27; *Concepción* v. *Latoni*, 63 D.P.R. 693; *Bravo* v. *Corte*, 60 D.P.R. 272; *Miranda* v. *P.R. Ry.*, *Light & Power Co.*, 50 D.P.R. 974; *Hernández Mena* v. *Foote*, 22 D.P.R. 759; así como 14 Cal. Jur. págs. 675 y 945, secciones 4 y 48; 1 A.L.R. 2d 491.

■ Durante la vista del recurso ante nos, inquirimos del letrado del apelante, sin que ninguna de las partes hubiera suscitado la cuestión, si por razón del pago de los $5,000, importe de la sentencia original, este pleito no se había convertido en académico, contestándonos él negativamente. Convenimos en ello. En la demanda radicada en el pleito que nos ocupa se solicita el pago de la cantidad total de $9,150 para cubrir los $5,000 de la sentencia original más $4,150 por concepto de intereses al tipo legal del 6 por ciento durante trece años diez meses once días. El pago parcial de la suma total reclamada no podía en verdad tener el efecto de convertir en académica la acción. Los intereses, repetimos, formaban parte integrante de la sentencia original y su no pago daba derecho a los demandantes a continuar su acción para recobrar los mismos. *Cf. Brenes* v. *Hartman & Co.*, 17 D.P.R. 598, 603.

■ La contención de los apelados al efecto de que el importe de la sentencia dictada en el caso de daños y perjuicios debe ser aumentado por nosotros carece de méritos, ya que es regla general de derecho que en acción fundada en una sentencia anterior, la causa original no es revisable en sus méritos. 31 Am. Jur. 332, sec. 824.

*Debe confirmarse la sentencia apelada.*