DORIS MATÍAS, REYES, ELVIRA y PILAR RODRÍGUEZ, representados por su madre con patria potestad EVARISTA MATÍAS GARCÍA, demandantes y apelada la primera, *v.* PEDRO RODRÍGUEZ CAMPOS, demandado y apelante.

Número 11638.
*Sometido:* 1 de marzo de 1956. *Resuelto:* 14 de marzo de 1956.

*Guillermo Pierluisi,* abogado del apelante; *Manuel Torres Reyes,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Los menores Doris Matías, Reyes Rodríguez, Elvira Rodríguez y Pilar Rodríguez, representados por su madre con patria potestad Evarista Matías García, interpusieron acción de alimentos y filiación contra Pedro Rodríguez Campos. De estos cuatro menores demandantes, los últimos tres son hijos reconocidos del demandado Pedro Rodríguez Campos, mas no así la primera, Doris Matías, quien instó la acción de filiación al sólo efecto de llevar el apellido de su padre. Por estipulación de las partes el tribunal a quo dictó sentencia condenando al demandado a pagar a sus hijos reconocidos la suma de $8.50 semanales. En cuanto a la otra menor el caso fué a juicio, luego de lo cual el tribunal a quo resolvió (1) que dicha menor era hija del demandado, (2) que el demandado vivía en concubinato con la madre de la menor demandante durante la concepción de ésta, y (3) que después de nacida la menor Doris Matías el demandado la trató y consideró como hija suya. En su consecuencia, dicho tribunal dictó sentencia declarando a la menor demandante hija

natural reconocida del demandado con derecho solamente a llevar el apellido de éste(¹) y además le condenó a pasarle una pensión alimenticia. No conforme, el demandado apeló e imputa al tribunal a quo el siguiente

"Único Error: Que la prueba es insuficiente para establecerse la paternidad de la menor Doris Matías, y el tribunal inferior cometió error al dictar sentencia imputándole al demandado la paternidad de la referida menor."

■■ En el récord hay prueba suficiente para establecer el hecho de la paternidad que el tribunal a quo encontró probado. Según esa prueba la menor demandante nació el 25 de junio de 1953. El demandado Pedro Rodríguez Campos tuvo relaciones con Evarista Matías García desde el 15 de abril de 1946 hasta el año 1953 en la casa de los padres de ella, sita en el Barrio Guayabal de Toa Baja. Como consecuencia de esas relaciones nacieron cuatro hijos llamados Pilar, Elvira, Reyes y Doris, de los cuales Rodríguez Campos había reconocido los tres primeros. Las relaciones entre el demandado y Evarista cesaron cuando ésta estaba encinta de Doris aunque él siempre iba a la casa de aquélla a ver a sus otros hijos. Una vez que nació Doris el demandado la sacaba a pasear y la trataba igual que a sus otros hijos. En una conversación que Evarista tuvo con el demandado éste le ofreció reconocer como hija suya a la menor Doris Matías.

En realidad el apelante se limita a atacar la apreciación que de la prueba hizo el juez sentenciador. Su contención es que el testimonio de la madre de la demandante es contradictorio y que a la vez resulta inverosímil en lo que respecta a la paternidad de dicha menor. Es cierto que existen contradicciones en ese testimonio y que la testigo se confundía en la expresión de fechas. Sin embargo, tanto su testimonio como el de su hermana establecen con suficiente certeza el

(¹) El demandado estaba casado legalmente con otra mujer para la fecha de la concepción y nacimiento de la menor demandante.

hecho de que la madre de la demandante nunca tuvo relaciones sexuales con otro hombre que no fuera el demandado y que para la fecha en que cesaron las relaciones entre ellos ya la madre de la demandante se encontraba en estado de embarazo. Las contradicciones y la confusión de fechas se debe más bien a que la madre de la demandante es una analfabeto que no asistió nunca a la escuela, mas ello no implica que su testimonio no mereciera crédito.

██ Ahora bien, basándose aparentemente en la Ley núm. 229 de 12 de mayo de 1942 ((1) pág. 1297), según enmendada por la Ley núm. 243 de 12 de mayo de 1945 (pág. 815), la sentencia apelada reconoce a la menor demandante como hija del demandado apelante al sólo efecto de llevar el apellido de su padre. Sin embargo, la limitación del efecto del reconocimiento a llevar el apellido de sus padres contenida en la misma, cubre solamente a los hijos nacidos con anterioridad a la fecha de su vigencia y según ya hemos visto la demandante nació el día 25 de junio de 1953 cuando ya regía la Constitución del Estado Libre Asociado de Puerto Rico y la Ley núm. 17 de 20 de agosto de 1952 ((2) pág. 201).

En su Carta de Derechos, Art. II, Sección 1, nuestra Constitución declaró que no podrá establecerse discrimen alguno por motivo de nacimiento y la Ley núm. 17 antes mencionada, dispone:

"Artículo 1.—Todos los hijos tienen respecto a sus padres y a los bienes relictos por éstos, los mismos derechos que corresponden a los hijos legítimos."

En virtud de estas disposiciones legales la sentencia que declara a la menor demandante hija del demandado no puede limitar los derechos que la ley le concede como consecuencia de tal declaración. Carece de eficacia legal cualquier restricción de esos derechos ya que éstos emanan de su condición de hija y son parte integrante de la sentencia. (2) Es por

---

(2) Cf. *Padilla* v. *Vidal*, 71 D.P.R. 517, 526 y 527.

tanto nuestro deber corregir la sentencia apelada para ajustarla a la ley.

En su consecuencia, *dicha sentencia será modificada, eliminándose de la misma el pronunciamiento limitando el alcance de los derechos que como hija del demandado apelante le corresponden a la demandante, y así modificada será confirmada.*

