ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **GLADYS OWENS MARTÍNEZ**<br><br>Apelante<br><br>v.<br><br>**IRIS SELENIA GONZÁLEZ BURGOS**<br><br>Apelada | KLAN202400339 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br>Civil Núm.: **CA2024CV00379**<br><br>Sobre: Exequátur<br><br>Ejecución de Sentencia |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de abril de 2024.

Comparece ante nos la Sra. Gladys Owens Martínez (en adelante, apelante o señora Owens Martínez), mediante un recurso de *Apelación*, y nos solicita que revoquemos una *Sentencia* emitida el 12 de febrero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI), notificada y archivada en autos el 15 de febrero de 2024.[1] Mediante dicho dictamen, el foro primario archivó el caso de marras presentado en contra de la Sra. Iris Selenia González Burgos (en adelante, apelada o señora González Burgos). Consecuentemente, el foro *a quo* determinó que le corresponde a la apelante solicitar la ejecución de un *Final Judgement in Favor of Plaintiff and Against Defendant* (en adelante, *Final Judgement*),[2] emitido por el *Circuit Court of the Eleventh Judicial Circuit in and for*

---

[1] Apéndice de la *Apelación*, Anejo IX, pág. 26.
[2] *Íd.*, Anejo III, págs. 5-6.

Número Identificador
SEN2024 _____

*Miami-Dade County, Florida* (en adelante, Tribunal de Florida), el cual fue reconocido y convalidado mediante una *Sentencia* dictada por el foro primario en el caso civil número CA2023CV02113 sobre *exequátur*,[3] en la etapa post-sentencia del mismo pleito de *exequátur* y no en uno independiente como el de epígrafe.

Por los fundamentos que expondremos a continuación, resolvemos revocar la *Sentencia* recurrida.

**I.**

La presente controversia tiene su génesis el 8 de febrero de 2024 cuando la apelante presentó una *Demanda para Solicitar la Ejecución de una Sentencia Convalidada mediante un Proceso de Exequátur.*[4] Mediante dicho recurso, la señora Owens Martínez arguyó que, el 21 de marzo de 2022, el Tribunal de Florida emitió un *Final Judgement*, en el caso número 2018-000276-CP-02, por el que determinó que:

> Plaintiff, GLADYS OWNES, as Curator of the Estate of Victoria Rosenberg, hereby recovers against Defendant, IRIS SELENIA GONZALEZ BURGOS, Avenida Isla Verde 3409, Condominio Las Gaviotas, Apt #1001, Carolina, Puerto Rico, 00979-4970, the sum of $909,907.33, plus taxable costs and prejudgment interest, the Court reserving jurisdiction to determine the amounts thereof, for which let execution issue. In addition, the Court reserves jurisdiction to determine Plaintiff's entitlement to attorney's fees, and if so determined, the amount thereof, and shall reserve jurisdiction to enter an Amended Final Judgment against Defendant Cecelia Torres at a later date.
>
> This judgement shall bear interest at SIX AND 83/100 percent (6.83) per annum from the date of entry until satisfied.[5]

Ante ello, alegó la apelante que, el 7 de julio de 2023, ella misma presentó, ante el TPI, una *Demanda de Exequátur para la Convalidación y Reconocimiento de una Sentencia y Órdenes Emitidas por un Tribunal del Estado de Florida,*[6] bajo el número

---

[3] *Íd.*, Anejo V, págs. 12-18.
[4] *Íd.*, Anejo VIII, págs. 22-25.
[5] *Íd.*, Anejo III, págs. 5-6.
[6] *Íd.*, Anejo IV, págs. 7-11.

CA2023CV02113, para convalidar en nuestra jurisdicción el aludido *Final Judgement* por medio del procedimiento de *exequátur*. Arguyó además la apelante que, luego de varios trámites procesales, incluyendo la anotación de rebeldía en contra de la señora González Burgos, el 11 de octubre de 2023, el foro *a quo* emitió una *Sentencia*, notificada y archivada en autos ese mismo día.[7] Mediante dicho dictamen, alegó la apelante que, el TPI convalidó y le dio entera fe y crédito al *Final Judgement* por cumplir con las normas del Derecho Internacional Privado y con los requisitos dispuestos por la Regla 51 de Procedimiento Civil, 32 LPRA Ap. V, R. 51. Consecuentemente, alegó la apelante que, el foro primario ordenó a la apelada a satisfacerle a la apelante una suma total de $909,907.33, la cual devenga intereses a la tasa máxima legal señalada por ley. Sin embargo, sostuvo la apelante que, para el 8 de enero de 2024, la apelada no le había pagado la cantidad anteriormente indicada, por lo cual presentó una *Moción para Solicitar la Imposición de la Fianza de No Residente*.[8] Mediante dicho escrito, la apelada le adelantó al foro primario que iba a estar solicitando una orden para la ejecución del *Final Judgement*, a tenor con la Regla 51.2 de Procedimiento Civil, *supra*, R. 51.2. Previo a ello, sin embargo, arguyó la apelante que, solicitó del foro *a quo* que le impusiera a ella misma la prestación de una fianza de no residente de mil dólares ($1,000.00) o el mínimo permitido por las Reglas de Procedimiento Civil, *supra*. No obstante, arguyó la apelante que, el 8 de enero de 2024, el foro primario emitió una *Orden*,[9] notificada y archivada en autos el 9 de enero de 2024, en la que denegó su petición y expresó que ese remedio tenía que instarse en un caso nuevo y no dentro del procedimiento de *exequátur*, el cual ya había culminado y se

---

[7] *Íd.*, Anejo V, págs. 12-18.
[8] *Íd.*, Anejo VI, págs. 19-20.
[9] *Íd.*, Anejo VII, pág. 21.

limitaba a lo dispuesto en la Regla 55 de Procedimiento Civil, *supra*, R. 55.

Por medio de la aludida *Demanda para Solicitar la Ejecución de una Sentencia Convalidada mediante un Proceso de Exequátur*,[10] presentada en el caso de marras, la apelante arguyó, además que, la apelada no le había pagado el monto adeudado, por lo cual solicitó la ejecución del *Final Judgement*, convalidado y reconocido por la *Sentencia* emitida por el foro primario en el caso civil número CA2023CV02113, a tenor con la Regla 51.2 de Procedimiento Civil, *supra*; y que ordenara el embargo en contra de las acciones que posee la apelada como accionista de la entidad *Chyky Corporation*, así como de cualquier otra corporación o compañía de responsabilidad limitada incorporada en el Estado Libre Asociado, hasta satisfacer el monto establecido en la *Sentencia*. Por último, según las alegaciones de la apelante, ésta solicitó del foro primario la imposición de una fianza nominal de no residente y que se le impusiera el monto mínimo de mil dólares ($1,000.00), conforme a la Regla 69.5 de Procedimiento Civil, *supra*, R. 69.5.

Posteriormente, el 12 de febrero de 2024, el TPI emitió una *Sentencia*,[11] notificada y archivada en autos el 15 de febrero de 2024, en la que se archivó el caso de marras. Fundamentó dicho dictamen en que le correspondía a la apelante ejecutar el *Final Judgement*, convalidado y reconocido mediante la *Sentencia* dictada por el TPI, en la etapa post-sentencia del mismo caso de *exequátur* y no en un pleito independiente como el de autos.

Inconforme con el dictamen del foro primario, el 28 de febrero de 2024, la señora Owens Martínez presentó una *Moción de Reconsideración*[12] en la que arguyó haber intentado ejecutar el

---

[10] *Íd.*, Anejo VIII, págs. 22-25.
[11] *Íd.*, Anejo IX, pág. 26.
[12] *Íd.*, Anejo X, págs. 27-29.

referido *Final Judgement* en el mismo caso de *exequátur,* pero el TPI denegó su petición expresando que ese remedio tenía que instarse en un pleito independiente. Además, sostuvo la apelante que, si bien la norma general es que las sentencias se ejecuten en la sala sentenciadora, existe una excepción. La apelante alegó que dicha excepción surge cuando se trata de ejecuciones de sentencias en donde se ordena el pago de una suma de dinero como es el caso del *Final Judgement,* a tenor con el *Mun. de San Juan v. Professional Research & Community Servs.*, 171 DPR 219, 248 (2007) (*citando a Igaravidez v. Ricci,* 147 DPR 1, 7 (1998)). A esos efectos, sostuvo la apelante que el *Final Judgement* emitido por el Tribunal de Florida no era autoejecutable por lo que requería el procedimiento de *exequátur* para ser reconocido en nuestra jurisdicción. Añadió que lo único que hizo la *Sentencia* emitida por el TPI, mediante el procedimiento de *exequátur,* fue ordenar que se reconociera el *Final Judgement* emitido por el Tribunal de Florida como lo allí ordenado; es decir, el pago de $909,907.33 más intereses a favor de la apelante. Concluyó la apelante que la *Sentencia* emitida por el foro primario, en el caso civil número CA2023CV02113, creó una nueva relación de acreedor y deudor entre las partes, distinta a la reclamación original, por lo cual surgía un nuevo crédito que podía ser reclamado judicialmente en un pleito independiente. Por ello, alegó la apelante que, actuó y presentó el caso de marras, a tenor con la normativa del Tribunal Supremo de Puerto Rico y la directriz del foro *a quo* en el caso número CA2023CV02113.

El 7 de marzo de 2024, el TPI emitió una *Resolución,*[13] notificada y archivada en autos al siguiente día, en la que denegó la *Moción de Reconsideración* presentada por la señora Owens Martínez y se reafirmó en que debía solicitarse la ejecución del *Final*

---

[13] *Íd.*, Anejo XI, pág. 30.

*Judgement,* reconocido y convalidado por medio de la *Sentencia* dictada por el TPI, en el mismo caso de *exequátur*, a tenor con la Regla 55.6 de Procedimiento Civil, *supra*, R. 55.6.

Inconforme con tal determinación, el 8 de abril de 2024, la apelante presentó ante esta Curia un recurso de *Apelación* por el cual le atribuyó al TPI la comisión del siguiente error:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR DE MANERA *SUA SPONTE* LA DEMANDA DE EPÍGRAFE INCOADA PARA EJECUTAR LA SENTENCIA CONVALIDADA MEDIANTE *EXEQUÁTUR* EN EL CASO CIVIL NÚM. CA2023CV02113, SIN SIQUIERA ESPERAR A QUE LA PARTE DEMANDADA, AQUÍ APELADA, FUERA EMPLAZADA Y COMPARECIERA EN EL CASO E INDICANDO QUE DICHA EJECUCIÓN DEBÍA REALIZARSE DENTRO DEL MISMO PLEITO DE *EXEQUÁTUR* EN ETAPA POST-SENTENCIA Y NO EN OTRO PLEITO INDEPENDIENTE.**

En síntesis, la apelante planteó que debemos revocar la *Sentencia* recurrida y ordenar la continuación de los procedimientos en el pleito de epígrafe para ejecutar el *Final Judgement,* reconocido y convalidado por medio de la *Sentencia* dictada por el TPI en el caso civil número CA2023CV02113. Alegó la apelante que, aun cuando el foro primario se sostuvo en que debía solicitarse la ejecución del *Final Judgement* en el mismo pleito sobre *exequátur*, conforme a la Regla 55.6 de Procedimiento Civil, *supra*, esta regla no dispone que el *Final Judgement* tenía que ejecutarse en el mismo pleito en donde se solicitó su reconocimiento. Sostuvo, además, la apelante que, la Regla 51 de Procedimiento Civil, *supra*, ni ninguna otra regla indican expresamente que tal ejecución debía llevarse a cabo en el pleito de *exequátur.* Según sostuvo la apelante, la regla general es que las sentencias se ejecutan en la sala sentenciadora, empero, nuestro máximo foro ha reconocido una excepción. Siendo esta, arguyó la apelante, cuando se trata de ejecuciones de sentencias en donde se ordena el pago de una suma de dinero. Añadió la apelante que, la

ejecución del *Final Judgement* podía ser en el caso de *exequátur* o en uno independiente como el de autos.

Luego de revisar los documentos que obran en autos y sin contar con el alegato en oposición de la apelada, quien no llegó a ser emplazada previo al archivo del caso de marras, estamos en posición de resolver, primero delimitando el trasfondo normativo aplicable.

## II.

## A.

Es norma conocida que las sentencias y órdenes emitidas por los tribunales de un estado de la Unión o de un país extranjero no operan *ex proprio vigore*. *Colón Vega v. Díaz Lebrón*, 211 DPR 548, 557 (2023); véase, además, *Rodríguez Contreras v. ELA*, 183 DPR 505, 516 (2011). Para ejecutarlas corresponde que nuestros tribunales locales les otorguen validez y las reconozcan por medio del procedimiento de *exequátur*. Regla 55.1 de Procedimiento Civil, *supra*, R. 55.1; véase, además, *Colón Vega v. Díaz Lebrón, supra*, pág. 557; *Gulf Pretroleum v. Camioneros*, 199 DPR 962, 966 (2018). Cuando se trata de sentencias dictadas por los tribunales estatales de Estados Unidos basta con cumplir con las disposiciones de la cláusula de entera fe y crédito, a tenor con la Art. IV, Sec. 1, Const. EE. UU., LPRA, Tomo 1. *Colón Vega v. Díaz Lebrón, supra*, pág. 558; *Gulf Pretroleum v. Camioneros, supra*, pág. 968; *Rodríguez Contreras v. ELA, supra*, pág. 516. Asimismo, conforme a la Regla 55.5 de Procedimiento Civil, *supra*, R. 55.5, luego de resolver planteamientos procesales pertinentes, atañe al tribunal comprobar que un foro con jurisdicción dictó la sentencia, por medio de un debido proceso de ley, y que no medió fraude. Si estos requisitos se cumplen, nuestros tribunales tendrán que concederles entera fe y crédito a aquellas sentencias dictadas por los tribunales estatales de Estados Unidos "independientemente de lo que sean la política pública y las disposiciones legales de Puerto Rico sobre la materia o

asunto de que se trate". *Colón Vega v. Díaz Lebrón, supra*, pág. 558 (citando al Secretariado de la Conferencia Judicial, "Informe de Reglas de Procedimiento Civil", 2008, pág. 635, https://poderjudicial.pr/Documentos/SecretariadoConf/INFORME-DE- REGLAS-DE-PROC-CIVIL-MARZO2008.pdf (última visita, 21 de abril de 2024)). Por lo tanto, tan pronto se cumpla con los requisitos anteriores, los tribunales locales estarán vedados de cuestionar sustantivamente las sentencias que se originan de un estado, territorio o posesión de los Estados Unidos. *Colón Vega v. Díaz Lebrón, supra*, pág. 558; *Rodríguez Contreras v. ELA, supra*, págs. 520-521. En esa misma línea, "el ámbito de revisión del tribunal local no da cabida a que las partes relitiguen en sus méritos una controversia que ya fue adjudicada por otro tribunal". *Colón Vega v. Díaz Lebrón, supra*, págs. 558-559. Asimismo, la parte promovida no derrota una petición bajo el procedimiento de *exequátur* descansando solamente en aseveraciones generales sin presentar prueba. *Mench v, Mangual,* 161 DPR 851, 862 (2004).

Conforme al primer requisito, la convalidación de una sentencia requiere que el tribunal emisor haya poseído jurisdicción. *Colón Vega v. Díaz Lebrón, supra*, pág. 559; *Rodríguez Contreras v. ELA, supra*, pág. 514. Nuestro máximo foro ha definido la jurisdicción como el poder o la autoridad que tienen los tribunales para considerar y resolver casos o controversias. *MCS Advantage, Inc. v. Fossas Blanco*, 211 DPR 135 (2023); véase, además, *Administración de Terrenos de Puerto Rico v. Ponce Bayland Enterprises, Inc.*, 207 DPR 586, 600 (2021); *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385 (2020); *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, 204 DPR 89, 101 (2020). Para adjudicar un caso ante sí, los tribunales deben ostentar jurisdicción sobre la materia y sobre la persona. *MCS Advantage, Inc. v. Fossas Blanco, supra*, pág. 600; véase, además, *Shell v. Srio. De Hacienda*, 187 DPR 109, 122 (2012). Es por ello que los

asuntos relacionados a la jurisdicción son privilegiados y se deben atender primero. *Allied Management Group, Inc. v. Oriental Bank*, *supra*, pág. 386. Lo anterior ya que una sentencia dictada sin jurisdicción es nula en derecho, y, por ello, inexistente. Íd; *Pérez Rodríguez v. López Rodríguez*, 210 DPR 163, 178 (2022). Por lo tanto, cuando un tribunal determina que no ostenta jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo. *Allied Management Group, Inc. v. Oriental Bank*, *supra*, págs. 386-387.

Por otra parte, la segunda exigencia de un pleito de *exequátur* es el cumplimiento con el debido proceso de ley. Es harto conocido que, este derecho está garantizado por el Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1; la Emda. V, Const. EE. UU., LPRA, Tomo 1; y la Emda. XIV, Const. EE. UU., LPRA, Tomo 1. A tenor con ello, existen dos acepciones de la doctrina sobre debido proceso de ley; a saber, la sustantiva y la procesal. *PVH Motor, LLC v. Jnta de Subastas de la Administración de Servicios Generales*, 209 DPR 122, 130 (2022); *Fuentes Bonilla v. ELA*, 200 DPR 364, 394 (2018). La vertiente sustantiva "busca proteger y salvaguardar los derechos fundamentales de las personas". *PVH Motor, LLC v. Jnta de Subastas de la Administración de Servicios Generales, supra*, pág. 130. Por otro lado, el debido proceso de ley procesal "obliga al Estado a garantizar que la interferencia en los intereses de libertad y propiedad del individuo se haga mediante un proceso justo e imparcial". Íd.

Por último, el tercer requisito de una reclamación sobre *exequátur* requiere que la sentencia no se haya obtenido por medio de fraude. A esos efectos, la Regla 7.2 de Procedimiento Civil, *supra*, R. 7.2, exige que toda aseveración de fraude debe detallar las circunstancias que lo constituyen. Asimismo, es necesario probar el fraude con certeza razonable con preponderancia de la evidencia. *Colón Vega v. Díaz Lebrón, supra*, pág. 561.

**B.**

Ahora bien, por medio de la Regla 51.1 de Procedimiento Civil, *supra*, R. 51.1, "[l]a parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo dentro de cinco (5) años de ésta ser firme". Mediante este proceso de ejecución de sentencia, se le imprime continuidad a todo proceso judicial que termina mediante una sentencia. *Mun. San Juan v. Prof. Research, supra*, págs. 247-248 (citando a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, San Juan, Ed. Michie de PR, 1997, pág. 453). Asimismo, como norma general, "las sentencias se ejecutan en la sala sentenciadora". *Mun. San Juan v. Prof. Research, supra*, pág. 248 (citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. J.T.S., 2000, pág. 805). Transcurrido el aludido término de cinco (5) años, la parte podrá presentar una moción de ejecución de sentencia, previa notificación a todas las partes, a tenor con la Regla 51.1 de Procedimiento Civil, *supra*. Como excepción, nuestro más alto foro ha establecido que, en reclamaciones sobre cobro de dinero, la parte a cuyo favor se dictó la sentencia, podrá presentar un pleito independiente para ejecutar la misma. *Mun. San Juan v. Prof. Research, supra*, pág. 248; véase, además, *Padilla v. Vidal*, 71 DPR 517, 525 (1950). Se ha reconocido tal excepción, pues "en los casos de sentencias que le imponen a una persona el deber de satisfacer una suma de dinero, surge un nuevo crédito que se puede reclamar por la vía judicial". *Mun. San Juan v. Prof. Research, supra*, pág. 248.

Analizada la controversia bajo el marco doctrinal previamente esbozado, nos hallamos en posición de resolver.

**III.**

Según se relató, la señora Owens Martínez presentó una *Demanda para Solicitar la Ejecución de una Sentencia Convalidada mediante un Proceso de Exequátur* el 8 de febrero de 2024. Arguye la apelante que intentó ejecutar el *Final Judgement* en el mismo caso de *exequátur*, pero el TPI denegó su petición expresando que ese remedio tenía que instarse en un pleito independiente. Por ello, arguyó la señora Owens Martínez, tuvo que presentar el pleito de marras. Sostuvo que, si bien la norma general es que las sentencias se ejecuten en la sala sentenciadora, a modo de excepción, se permite ejecutar sentencias en pleitos diferentes cuando se trata de casos sobre cobro de dinero. Concluyó la apelante que, considerando que la apelada no le ha pagado el monto impuesto mediante el *Final Judgement*, el cual fue convalidado y reconocido por la *Sentencia* emitida del TPI en el caso de *exequátur*, le solicitó al foro *a quo* la ejecución del *Final Judgement*, el embargo en contra de las acciones de la apelada hasta satisfacer el monto impuesto por el *Final Judgement*, y la imposición de una fianza de no residente por la cantidad de mil dólares ($1,000.00). Sin embargo, el foro primario archivó el pleito de epígrafe. El TPI fundamentó su decisión en que le correspondía a la apelante ejecutar el *Final Judgement*, convalidado y reconocido mediante la *Sentencia* dictada por el TPI en el pleito sobre *exequátur*, en la etapa post-sentencia del mismo caso de *exequátur* y no en un pleito diferente.

Inconforme, la apelante acudió en revisión ante nos.

Tras un análisis sosegado de la normativa aplicable, los hechos aplicables y del expediente ante nuestra consideración, concluimos que el foro primario incidió al archivar el pleito de marras, y consecuentemente, revocamos la *Sentencia* recurrida.

La apelante arguyó que el pleito de autos debía reconocerse como la excepción a la norma general de ejecutar las sentencias en

la sala sentenciadora. Lo anterior, pues, lo único que hizo la *Sentencia* emitida por el TPI por medio del procedimiento de *exequátur* fue ordenar que se reconociera el *Final Judgement* emitido por el Tribunal de Florida como lo allí ordenado. Además, sostuvo la parte apelante que, lo que se generó mediante dicha *Sentencia* emitida por el foro primario fue una relación nueva de acreedor y deudor entre las partes, distinta a la reclamación original, mediante la cual surge un nuevo crédito que puede ser reclamado judicialmente en un pleito independiente. Concluyó, entonces la apelante que, la Regla 55.6 de Procedimiento Civil, *supra*, ni ninguna otra regla dispone que el *Final Judgement* tenía que ejecutarse en el mismo pleito en donde se solicitó su reconocimiento. Como veremos, le asiste razón en cuanto a que podía solicitar la ejecución del *Final Judgement* en un pleito independiente al caso sobre *exequátur*.

Como se expuso en la sección anterior, el propósito del procedimiento del *exequátur* es que los tribunales de esta jurisdicción reconozcan y le den validez a las sentencias y órdenes emitidas por los tribunales estatales de Estados Unidos o de un país extranjero, a tenor con la Regla 55.1 de Procedimiento Civil, *supra*. Cuando se trata de sentencias de Estados Unidos basta con cumplir con las disposiciones de la cláusula de entera fe y crédito. Además de ello, es pertinente comprobar que el tribunal que dictó la sentencia lo hizo teniendo jurisdicción, por medio de un debido proceso de ley, y sin mediar fraude. Habiéndose cumplido con dichos requerimientos, los tribunales locales estarán vedados de cuestionar sustantivamente la sentencia emitida por un estado, territorio o posesión de los Estados Unidos. En el presente caso, el foro primario emitió una *Sentencia*, en el caso civil número CA2023CV02113 sobre *exequátur*, por la cual convalidó y reconoció el *Final Judgement* precisamente porque el Tribunal de Florida tenía

jurisdicción sobre las partes y la materia del caso, se cumplió con el debido proceso de ley, y no medió fraude. Además, se cumplió con la Regla 55 de Procedimiento Civil, *supra.* Por lo tanto, concluimos que la *Sentencia* emitida en el caso civil número CA2023CV02113, tal como se desprende de la misma, simplemente convalidó y reconoció el *Final Judgement*, sin más.

Por otra parte, si bien las sentencias se deben ejecutar en la sala sentenciadora, la excepción a ello es cuando se trata de un pleito donde se ordena el deber de satisfacer una suma de dinero. En otras palabras, si no se satisface dicho pago, la parte a favor de quien se dictó la sentencia podrá presentar un pleito independiente de cobro de dinero. En el caso de autos, el Tribunal de Florida emitió un *Final Judgement* por el cual ordenó a la apelada a pagar $909,907.33 con intereses a la tasa máxima legal dispuesta por ley. Habiéndose reconocido y validado el *Final Judgement* en nuestra jurisdicción, por medio del procedimiento de *exequátur*, resta atender la ejecución de la sentencia por medio de un pleito independiente. Concluimos que la apelante podía solicitar la ejecución del *Final Judgement*, mediante el pleito de marras, y, por lo tanto, el TPI incidió al archivar el caso de epígrafe.

**IV.**

Por los fundamentos antes expuestos, revocamos la *Sentencia* recurrida y devolvemos el caso al foro primario para la continuación de los procedimientos a tenor con lo aquí dispuesto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones